Donald G. CORBETT, Appellant,

v.

William E. FRANK, Director of Internal Revenue for the District of Washington, Appellee.

Georgia C. CORBETT, Appellant,

v.

William E. FRANK, Director of Internal Revenue for the District of Washington, Appellee.

Donald G. and Georgia C. CORBETT, Appellants,

v.

William E. FRANK, Director of Internal Revenue for the District of Washington, Appellee.

Nos. 16239–16241.

United States Court of Appeals Ninth Circuit.

July 19, 1961.

Francis J. Butler (of Castoldi & Butler), and T. Dan Mortimer, Spokane, Wash., for appellants.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, Davis W. Morton, Jr., Dept. of Justice, Washington, D. C., and Charles P. Moriarty, U. S. Atty., Seattle, Wash., for appellee.

Before POPE, CHAMBERS and HAMLEY, Circuit Judges.

CHAMBERS, Circuit Judge.

Frank, Director of Internal Revenue for the District of Washington, claims Donald Corbett owes him federal income taxes for the year 1945 on his separate return in the amount of $12,000 plus interest, and that his wife, Georgia Corbett, for the same year on her separate return, owes the same amount. After sixteen years the interest about equals the principal.

Then the director on the joint return of the Corbetts for 1953 asserts $14,000 is due. Here the interest has not caught up with the principal yet.

Also, for the years 1945 and 1953, the director asserts penalties for false claim of credits on the three returns.

As to each return, the director during 1956 gave the usual 30-day letter setting forth his intention to assess.[1] However, he split the amounts he claimed to be due on each return, and he gave 90-day letters (statutory notices of deficiency) to the taxpayers on the penalties.[2] (These 90-day letters are popularly called "tickets to the tax court.")[3] But the director

---

1. The 30-day letter made it clear that as to the tax itself no 90-day letter (statutory notice of deficiency) was contemplated but that assessment under Section 276(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 276(a) (Section 6501 [c] [1] of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6501(c) (1)) was contemplated. Section 276(a) provided as follows:

    "*False return or no return.*—In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time."

2. The penalties were asserted under Section 294(d) (1) (B) of the 1939 Code, 26 U.S.C.A. § 294(d) (1) (B). Cf. Section 6654 of the 1954 Code, 26 U.S.C.A. § 6654.

3. Section 272(a) (1), 26 U.S.C.A. § 272(a) (1) as amended (Sections 6212(a), 6212(b) [2], Internal Revenue Code of 1954, 26 U.S.C.A. § 6212(a), (b) (2)) provided:

    "*Petition to the Tax Court of the United States.* If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the ninetieth day) the taxpayer may file a petition with The Tax Court of the United States for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun; or pros-

claims that he can proceed to assessment of all principal and interest,[4] which he says are unpaid, just as if the taxpayers had made on their returns mathematical errors in their favor, and that he need give no statutory 90-day notice of deficiency, which normally in the case of a disputed tax must be given before assessment or before the taxpayer can go to the tax court.

As to 1945, the tax credits shown on the returns as already paid are admittedly false, but the taxpayers assert that the falsity was innocent on their part and was due to their sad reliance on a trusted employee.[5] The government seeks to avoid the statute of limitations [6] on 1945, asserting that the claimed credit was fraudulent. That does it, if the facts ultimately support the government.

For 1953, on the joint return, the parties agree that fraud is not asserted and that the statute of limitations is not involved. But it is said by the director that the principal sum of $14,000 claimed due for 1953 was falsely claimed by the taxpayers as paid. So what kind of nice fraud that isn't fraud is meant is not clear. Unless payment is taxpayers' defense on 1953, it is not obvious why they assert they do not owe the tax for that year.[7]

The taxpayers, as to 1945, separately sought review in the tax court of the statutory (90-day) notices of deficiency on the penalties. Jointly they sought review there of the penalty asserted for 1953. The penalty for the latter years has been compromised in the tax court, but the cases for 1945 are still there, we are informed. Not having the statutory notices for the two years on the tax itself and interest, they could not seek review in the tax court.

After a notice of assessment, a taxpayer normally has the right to pay his taxes and sue in a district court to recover the sum paid. Taxpayers, as is not uncommon, say the right for them is a pretty thought, but hopeless because they do not have the money to pay and sue for it back. They say the tax and the interest should have been listed in the statutory notices along with the penalties. And if that had been done, they could have taken the whole subject matter to the tax court.

Frustrated from lack of money and having "no ticket to the tax court" for review, the taxpayers filed three suits (one for each disputed return) in the United States District Court for the Western District of Washington, seeking an injunction to affirmatively cause the

---

ecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of *section 3653*(a) *the making of* such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court. In the case of a joint return filed by husband and wife such notice of deficiency may be a single joint notice, except that if the Commissioner has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice, duplicate originals of the joint notice must be sent by registered mail to each spouse at his last known address."

4. Under Section 276(a), supra.

5. This we were told at oral argument. We assume this appears in the record in the tax court.

6. Section 275(a) of Internal Revenue Code of 1939, 26 U.S.C.A. § 275(a) (Section 6501(a) of Internal Revenue Code of 1954):
"*General Rule*—The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period."

7. The director asserts that the taxpayers no longer contend actual payment of the 1953 tax amount of $14,000. It may be that as to 1953 the taxpayers are just complaining that they were denied a right to go to the tax court, even though they may have had no point to take there. We do not know.

liens purported to have been created by virtue of the assessments to be removed and negatively to forbid further assessment. The director moved to dismiss and asserted that the district court had no jurisdiction on the facts alleged to issue an injunction. (We assume that jurisdiction in the pure sense was not involved, but rather jurisdiction in the sense of propriety in view of the applicable law.) The motions were granted and the actions were dismissed. Separate appeals were taken and then the appeals were here consolidated.

The principal question is whether Section 7421(a) [8] of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7421(a) (Section 3653[a] of the 1939 Code, 26 U.S.C.A. § 3653(a)) prohibits the issuance of an injunction here. While appellants acknowledge the general rule forbidding injunctions, they assert that they come within the exceptions to the general rule.

Section 6201(a) (3) of the 1954 Code, 26 U.S.C.A. § 6201(a) (3), provides that if there is an overstatement of the credit taken (that is, tax claimed to have been paid) the assessment may be assessed in the same manner as in the case of a mathematical error. And Section 6213 (b) (1) of the 1954 Code, 26 U.S.C.A. § 6213(b) (1) (272[f] of the 1939 Code as amended 26 U.S.C.A. §§ 272(f)) provides that in case of mathematical error made by the taxpayer in his favor, no notice of deficiency (90-day letter) is required to proceed to assessment, and after assessment there is no right to go to the tax court. And from Senate Report No. 1622, 83rd Congress, 2nd Sess., p. 572 (3 U.S.C. Congressional and Administrative News 1954, p. 4629) it is apparent that Congress meant just what it said when it wrote 6201(a) (3) of the 1954 code. However, it is obvious that to assert a penalty the 90-day letter is required, a penalty not having been included within the exceptions of

mathematical error and overstatement of tax credit taken. Here we think that skipping the 90-day statutory deficiency notice is permissible, but if he had chosen, the director could have put the principal and interest in his 90-day letter along with the penalty. Maybe the law should be that where a penalty is asserted the taxgatherer should be required to put the tax and interest with the penalty in the 90-day letter and not be permitted to go directly to assessment. We do not say so. Probably the instances of possible defenses to mathematical errors and falsely claimed payments are so rare that it was thought the taxpayers should be left to a remedy of payment and suit to recover. Stated another way, the principal amount of tax claimed as paid and the interest thereon are not required to be considered as deficiencies. See Granquist v. Hackleman, 9 Cir., 264 F.2d 9.

Very few things in the law have no exceptions, and Section 7421(a) of the 1954 Code has a few. Taxpayers rely on Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422. If the fact that the tax might be barred by the statute of limitations were recognized as an extraordinary circumstance, injunctive relief might be possible, but we think Graham v. DuPont, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965, is against the taxpayers on the point.

So far as taxpayers' claim of multiplicity of suits is concerned, we think our case of Martin v. Andrews, 9 Cir., 238 F.2d 552, 65 A.L.R.2d 543, holds otherwise. We do not reach the question of whether the director is a proper party in a suit to mandatorily cause the removal of a tax lien. (The appellee disowns the lien, saying, "It belongs to my boss, the United States, and not to me.")

We hold the district court was correct and did not err. Of course, if the taxpayers can validly sustain the statute of limitations, they are not to be censured

---

8. Section 7421 reads as follows:
    "Prohibition of Suits to Restrain Assessment or Collection.
    "(a) *Tax.*—Except as provided in sections 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court. * * *"

unless we were to say the law is immoral. On the other hand, they did clearly owe $24,000 the day they filed 1945 returns, and if they are denied an injunction they are not too badly treated if they have to pay that amount and about as much interest and take their chances in getting back by suit.[9] All they are entitled to is a possible remedy.

Having said what we have about the taxpayers, we turn to the director. He concedes that a decision of the tax court on the penalty as to any one year will conclude him as to the basic amount of tax due or not due and the interest thereon, if any. See Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898. And he is going to feel well advised not to attempt to realize on his assessments for tax and interest until the tax court is done with the issue of fraud on 1945. Likewise, the taxpayers will be estopped by the tax court's decision.

However, we do think, as above indicated, it is permissible for the director to treat falsely claimed payments as deficiencies. Why can't he take the tax credit and interest of 1945 into the tax court? Section 6214(a) (1954 Code) 26 U.S.C.A. § 6214(a) provides as follows:

> "Jurisdiction as to increase of deficiency, additional amounts, or additions to the tax.—The Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any additional amount, or addition to the tax should be assessed, if claim therefor is asserted by the Secretary or his delegate at or before the hearing or a rehearing."

9. As a consequence of certain statements in course of argument and the proceedings in the tax court, of which we are not fully advised, it is not clear just what the issue on the $14,000 is, as we indicate in footnote 7, supra. The taxpayers say they cannot pay and sue for

If the director is really doing the government no good by keeping the sum of the fractions for 1945 out of the tax court, he ought to get on there with getting the whole total determined.

The judgments are affirmed.

the $14,000 back because of Section 6512 of the 1954 Code, 26 U.S.C.A. § 6512. Of course, they should have a right somewhere. But if one does not now know what is the present basis of the claim, it is difficult to say where the right should be vindicated.