KENNETH L. AND MILDRED V. FULLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fuller v. Commissioner
Docket No. 5722-85.
United States Tax Court
T.C. Memo 1986-33; 1986 Tax Ct. Memo LEXIS 574; 51 T.C.M. (CCH) 336; T.C.M. (RIA) 86033; January 27, 1986. *574 Where Tax Court has no jurisdiction it may not entertain a motion for award of reasonable litigation costs. William L. Raby, for the petitioners. Roger Rhodes, for the respondent. CANTREL
MEMORANDUM OPINION CANTREL, Special Trial Judge: We have before us for consideration and ruling thereon a Motion for Award of Reasonable Litigation *575 Costs, filed by counsel for petitioners' on December 31, 1985. [1] The Court will decide that motion herein. See Rule 50(b)(3). [2]
It has long been settled that a valid petition may not be filed in the Tax Court without the issuance of a valid statutory notice of deficiency, sometimes referred to as a "ticket" to the Tax Court. Midland Mortgage Co. v. Commissioner,73 T.C. 902, 907 (1980); Baron v. Commissioner,71 T.C. 1028, 1034 (1979); Jones v. Commissioner,62 T.C. 1, 2 (1974); Corbett v. Frank,293 F.2d 501 (9th Cir. 1961). [3]
"[W]e have jurisdiction to determine if we have jurisdiction at any time, be it before or after final *576 decision is entered." Brannon's of Shawnee, Inc. v. Commissioner,71 T.C. 108, 111-112 (1978). "[Q]uestions of jurisdiction which go to the root of all subsequent action * * * and should be disposed of at the threshold * * * must be dealt with by the Tax Court, like other tribunals, on its own motion even if not raised by either party." National Committee to Secure Justice, Etc. v. Commissioner,27 T.C. 837, 839 (1957). On December 6, 1985 counsel for the parties filed a Stipulation and a Joint Motion to Dismiss for Lack of Jurisdiction.At paragraph 5 of the Stipulation it is recited--"The parties agree that the January Notice issued in this case is invalid in its entirety insofar as it attempts to determine a deficiency for TEFRA partnership items other than through the procedures prescribed by secs. 6221 through 6233." [4] At paragraph 3 of their joint motion counsel assert--"No valid statutory notice of deficiency under I.R.C. sec. 6212 was issued to petitioners for the taxable year 1982." *577 After careful consideration of the record in this case in its entirety we granted the joint motion and the case was dismissed for lack of jurisdiction on the ground that the statutory notice of deficiency was invalid.[5] Hence, since the deficiency notice is invalid, no valid petition may be filed with this Court based thereon. This simply means that this Court cannot acquire jurisdiction of this case. Having no jurisdiction, we have no authority to entertain petitioners' pending motion and, as a consequence, it must be denied. The mere filing of the petition cannot, for any purpose, breathe life into the cadaver. [6]
Moreover, section 7430, appertaining to the awarding of court costs and certain fees provides, in pertinent part-- (a) In General.--In the case of any civil proceeding which is-- (1) brought by or against the United States in connection with the determination, collection, or *578 refund of any tax, interest, or penalty under this title, and (2) brought in a court of the United States (including the Tax Court and the United States Claims Court), the prevailing party may be awarded a judgment for reasonable litigation costs incurred in such proceeding. [7]
In short, based on the foregoing statute, and since we have no jurisdiction, there is no civil proceeding before this Court and there can be no prevailing party within the meaning of section 7430(c)(2)(A) to whom a judgment award may be made. An appropriate order will be issued.
Footnotes
1. That motion was assigned pursuant to sec. 7456(d)(4), Internal Revenue Code of 1954, as amended, and Rule 180, Tax Court Rules of Practice and Procedure.↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. We observe that venue on appeal of this case would lie in the United States Court of Appeals for the Ninth Circuit.↩
4. All section references are to the Internal Revenue Code of 1954, as amended.↩
5. The Chief Judge signed the Order of Dismissal for Lack of Jurisdiction which was entered and served on December 17, 1985.↩
6. See and compare McLane v. Commissioner,46 T.C. 140, 145 (1966), affd. per curiam 377 F.2d 557↩ (9th Cir. 1967).
7. Also see sec. 7430(e) which provides--"An order granting or denying an award for reasonable litigation costs under subsection (a), in whole or in part, shall be incorporated as a part of the decision or judgment↩ in the case and shall be subject to appeal in the same manner as the decision or judgment." [Emphasis added.] It is obvious that no decision or judgment can be entered in this case.