Edward M. SANDERS, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 86–1914.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 4, 1986.
Decided March 12, 1987.

Terry L. Fredricks, Dixon & Minahan, P.C., Omaha, Neb., for appellant.

Gilbert S. Rothenberg, Asst. Atty. Gen., Tax Div., Washington, D.C., for appellee.

Before BAUER, Chief Judge, FLAUM, Circuit Judge, and REYNOLDS, Senior District Judge.*

FLAUM, Circuit Judge.

The Commissioner issued a deficiency notice addressed to the taxpayer. The taxpayer filed a petition in the Tax Court challenging the deficiency. Both the Commissioner and the taxpayer filed motions to dismiss the petition. The Tax Court granted the taxpayer's motion and ordered that the action be dismissed because the deficiency notice was not mailed to the taxpayer's last known address. Subsequently, the taxpayer filed a motion for attorney's fees pursuant to 26 U.S.C. § 7430 (1982 & 1985 Supp.). The Tax Court dismissed the taxpayer's § 7430 motion, on the grounds that it no longer had jurisdiction over the case. The taxpayer presents this court with the issue of whether the dismissal of the § 7430 motion was proper. We conclude it was proper and affirm the Tax Court's judgment.

## I.

On April 14, 1984, the Internal Revenue Service ("IRS") mailed a deficiency notice to the taxpayer. The notice, however, was not mailed to the taxpayer's correct address. On November 9, 1984, the IRS sent a notice to the taxpayer stating that the federal tax previously assessed in the deficiency notice was overdue. This notice was sent to the taxpayer's correct address. The taxpayer, alleging no knowledge of the prior assessment, requested information about the notice. The taxpayer subsequently received three postcards informing him that, as a result of his inquiries, the IRS was reviewing his tax liabilities. On May 16, 1985, the IRS finally responded to the taxpayer's inquiry. This letter, mailed to the correct address, informed the taxpayer that the 90–day period to file a petition in the Tax Court had expired.

Frustrated with the normal administrative channels at the IRS, the taxpayer sought counsel. Unfortunately, the taxpayer's attorney was no more successful at communicating with the IRS than the taxpayer had been. Consequently, on August 9, 1985, not having received a response to his attorney's inquiries, the taxpayer filed a petition in the Tax Court. The taxpayer sought a determination that the deficiency notice was invalid, because the notice had not been mailed to his last known address within the meaning of 26 U.S.C. § 6212 (1982 & 1985 Supp.). The Commissioner responded by moving that the case be dismissed in his favor because the taxpayer's petition was not timely filed as prescribed by 26 U.S.C. § 6213(a) (1982).

On November 12, 1985, the taxpayer responded by moving for dismissal in his

* The Honorable John W. Reynolds, Senior District Judge for the United States District Court for the Eastern District of Wisconsin, is sitting by designation.

favor due to lack of jurisdiction, renewing his claim that the deficiency notice was not valid because it was not mailed to the correct address. On February 18, 1986, the Commissioner withdrew his prior motion to dismiss and notified the Tax Court that he had no objection to the granting of the taxpayer's notice to dismiss for lack of jurisdiction. On February 21, 1986, the Tax Court, in an unpublished order, dismissed the petition for lack of jurisdiction on the basis that a valid deficiency notice had not been issued.

On March 19, 1986, the taxpayer filed a motion under § 7430 requesting attorney's fees and litigation costs. On April 1, 1986, the court dismissed the motion by order, reasoning that because it had not acquired jurisdiction over the case it had no authority to entertain the taxpayer's motion. The Tax Court, therefore, declined to entertain the taxpayer's § 7430 motion, and the taxpayer appeals.

## II.

### A.

■ The Tax Court is a court of limited jurisdiction, and possesses only such adjudicatory powers as Congress has expressly conferred on it in the Internal Revenue Code. *Hintz v. Commissioner*, 712 F.2d 281, 285 (7th Cir.1983). Sections 6212 and 6313 set forth the jurisdictional parameters of the tax court.

■ Initially, the Commissioner determines a deficiency. Once a deficiency is determined, the notice must be mailed to the taxpayer's last known address. *See Corbett v. Frank*, 293 F.2d 501, 502 (9th Cir.1961) (a deficiency notice is the taxpayer's "ticket[ ] to the Tax Court"). Section 6213(a) requires that once a taxpayer receives a valid deficiency, he or she must file a petition for a redetermination of the deficiency with the Tax Court within 90 days from the date the deficiency was mailed. Although the filing of the petition within the proper time is a jurisdictional prerequisite for filing a suit in the Tax Court, *Pugsley v. Commissioner*, 749 F.2d 691, 692 (11th Cir.1985), the 90–day period does not begin if a notice of deficiency is not properly mailed, *DeWelles v. United States*, 378 F.2d 37, 39 (9th Cir.), *cert. denied*, 389 U.S. 996, 88 S.Ct. 501, 19 L.Ed.2d 494 (1967).

■ Section 7430 requires that fees and costs may be awarded "in connection with the determination, collection, or refund of any tax, interest, or penalty." § 7430(a)(1). This section was enacted because the Equal Access to Justice Act, 94 Stat. 2325 (1980), which permits a private litigant to obtain an award of costs and attorney's fees against the United States, was applicable only to tax cases brought in United States district courts and the Court of Claims, and not to cases filed in the United States Tax Court. Section 7430, therefore, permits an award of attorneys' fees or costs in cases brought in the Tax Court.[1] *See* H.R.Conf.Rep. No. 97–760, 97th Cong., 2d Sess. 686–87, *reprinted in* 1982 U.S.Code Cong. & Admin.News 781, 1190, 1449–50. It is clear, however, that

---

1. The staff of the Senate Committee on Finance explained that:

   The committee believes that taxpayers who prevail in civil tax actions should be entitled to awards for litigation costs and attorneys' fees ... when the United States has acted unreasonably in pursuing the case. Fee awards in such tax cases will deter abusive actions or overreaching by the Internal Revenue Service and will enable individual taxpayers to vindicate their rights regardless of their economic circumstances.

   Moreover, the committee is concerned because the Equal Access to Justice Act, which provides for litigation costs awards in tax cases brought in the Federal district courts and the U.S. Court of Claims, does not apply to proceedings in the U.S. Tax Court. Since most tax litigation occurs in the U.S. Tax Court, few taxpayers could obtain fee awards under that statute. In addition, the availability of awards in some courts but not in others encourage a taxpayer to choose the forum in which to pursue litigation based on whether awards of litigation costs are available. Furthermore, the committee believes that one set of rules should apply to awards of litigation costs in tax cases whether the action is brought in a U.S. district court, the Court of Claims, or the U.S. Tax Court.

   Staff of Senate Comm. on Finance, 97th Cong., 1st Sess., Technical Explanation of Committee Amendment, 127 Cong.Rec. 32076, 32077 (Dec. 16, 1981).

Congress neither intended § 7430 to be an independent grant of jurisdiction to the Tax Court, nor an enlargement of the tax court's jurisdiction.

### B.

In this case the Commissioner moved to dismiss the petition because it was not filed within 90 days from mailing. The taxpayer, however, moved to dismiss because the deficiency notice was not mailed to the correct address. *See, e.g., Keeton v. Commissioner,* 74 T.C. 377 (1980). The Tax Court granted the taxpayer's motion to dismiss. Subsequently, the taxpayer moved under § 7430 for attorney's fees and costs. The Tax Court denied this motion.

The Tax Court has been previously faced with the precise issue of whether, after a petition is dismissed, a motion under § 7430 can be entertained. *Fuller v. Commissioner,* 51 T.C.M. (CCH) 336 (1986). In *Fuller,* the Tax Court dismissed the petition because the deficiency notice was improperly issued. Subsequently, the taxpayer filed a motion for attorney's fees and costs pursuant to § 7430. The *Fuller* court concluded that once it dismissed the case it had no jurisdiction to entertain the § 7430 motion. *Id.* at 337.

■ We agree with the *Fuller* court. Once the Tax Court dismissed this suit no proceeding "in connection with" a disputed deficiency existed. We hold, therefore, that once the Tax Court dismissed the suit, it had no jurisdiction to hear the petition.

The result in this case is compelled by the fact that in enacting § 7430, Congress did not provide a time limit that would allow litigants to file for fees after a final disposition of a tax case. This is in marked contrast to the Equal Access of Justice Act, on which Congress expressly relied in enacting § 7430. For example, two provisions of the Act, 5 U.S.C. § 504(a)(2) and 28 U.S.C. § 2412(d)(1)(B), require that a party file for fees within thirty days of the final disposition of a case. *See Sonicraft, Inc. v. N.L.R.B.* 814 F.2d 385 (7th Cir.1987). Because the Tax Court is a court of limited jurisdiction, and because § 7430 contains no time limitation, we conclude that Congress

intended that a § 7430 motion be made before the final disposition of a case.

■ In this case, the taxpayer could have made his § 7430 motion at the same time that he made his motion to dismiss. At that time, the Tax Court would have jurisdiction to decide whether it had jurisdiction. Then, had the Tax Court decided to dismiss in the taxpayer's favor, the court could have, at the same time, granted the § 7430 motion. However, because the taxpayer did not file his motion to dismiss and his motion for attorney's fees simultaneously, we affirm the Tax Court's order.

REYNOLDS, Senior District Judge, concurring.

I agree with the Court's result, but I cannot agree with its reasoning. I would affirm the decision of the tax court because the taxpayer was not the prevailing party within the meaning of 26 U.S.C. § 7430(c)(2). While the taxpayer may have achieved the result he sought—the Internal Revenue Service gave up on its collection efforts—the taxpayer cannot be said to have "prevailed" through his motion to dismiss the case for lack of jurisdiction when it was the taxpayer himself who brought the case before the wrong court.

Even if the taxpayer could be found to have "prevailed," I take particular exception with this Court's adoption of the analysis of the tax court's decision in *Fuller v. Commissioner,* 51 T.C.M. (CCH) 336 (1986), that once the suit had been dismissed for lack of jurisdiction, the tax court lacked jurisdiction to award attorney's fees in connection with the merits of the parties' positions on the jurisdictional question.

Just because the tax court found that it did not have the power to determine the merits of the dispute between the parties, it does not follow that it lacked jurisdiction to award fees based upon the reasonableness of the parties' positions regarding a question over which the tax court did have jurisdiction, i.e., whether the tax court had jurisdiction. The tax court had jurisdiction over any questions which necessarily re-

volve around the question of jurisdiction, including attorney fees.

The suggestion in this case that the taxpayer's motion for fees and costs could have been saved had he submitted the request simultaneously with his motion to dismiss for lack of jurisdiction might make sense as a matter of convenience, but it is certainly not required by either the statute or as a matter of logic.

The taxpayer's problem here is not that he filed his motion for fees too late, but that he challenged the government in the wrong forum. A party cannot file his lawsuit in a court that lacks jurisdiction and then claim to have "prevailed" when his own motion to dismiss for lack of jurisdiction is granted. This is true even if the other party gives up its position on the "merits".