Lloyd E. LATCH and Constance A. Latch, Plaintiffs–Appellees,

v.

UNITED STATES of America, and Does I through X, inclusive, Defendants–Appellants.

No. 86–2112.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 17, 1987.

Memorandum Feb. 4, 1988.

Order and Opinion March 22, 1988.

Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup, Chief Appellate Section, Gilbert S. Rothenberg, Lisa A. Prager, Deputy Atty. Gen., U.S. Dept. of Justice, Washington, D.C., for defendants-appellants.

Montie S. Day, Day Law Corp., Oakland, Cal., for plaintiffs-appellees.

Before CHOY, GOODWIN, and BEEZER, Circuit Judges.

## ORDER

The memorandum disposition filed February 4, 1988, is redesignated as a Per Curiam Opinion per the attached Opinion.

## OPINION

### PER CURIAM:

The United States of America appeals the district court's judgment awarding Lloyd and Constance Latch (the "Latches") $12,137.25 in attorney's fees and costs pursuant to 26 U.S.C. § 7430 after the parties settled the underlying dispute concerning the Latches' tax liability for 1975. We reverse.

## BACKGROUND

An Internal Revenue Service ("IRS") audit of the Latches' 1975 joint federal tax return revealed that the Latches had claimed a $74,167 loss attributable to a limited partnership, though they had invested only $23,400 in it. The IRS offered to resolve a dispute over the amount deductible by allowing a $23,400 tax loss. However, the Latches failed to properly complete the form necessary to effectuate this settlement. As a result, the IRS sent a statutory notice of deficiency to the Latches and, after receiving no response, entered an assessment for income tax deficiency in the amount of $62,827.22.

The Latches initially sought to contest the IRS' action through administrative channels. During this time, the Latches made some payments, but did not pay enough to extinguish the assessed deficiency. When negotiations with the IRS proved fruitless, the Latches filed suit against the United States in federal district court, seeking a tax abatement, an accounting of payments made, and attorney's fees. The parties eventually settled the tax dispute, agreeing to the same terms that the IRS had proposed in its prelitigation settlement offer. The district court then dismissed the suit, but reserved to the Latches the right to file a claim for attorney's fees. The Latches subsequently brought a motion under 26 U.S.C. § 7430 for attorney's fees and costs. The district court granted this motion, entering a judgment awarding the Latches $12,134.25.

■ On appeal, the government claims that the district court lacked subject matter jurisdiction over the tax dispute and so had no authority to award attorney's fees and costs.[1]

## DISCUSSION

The issue of subject matter jurisdiction presents a legal question, which we review de novo. *Peter Starr Production Co. v. Twin Continental Films, Inc.*, 783 F.2d 1440, 1442 (9th Cir.1986). Furthermore, "every federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review,' even though the parties are prepared to concede it." *Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986) (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934)).

---

1. Though we refrain from imposing sanctions, we admonish appellees' counsel, Montie S. Day, for his tortured presentation of the facts. For instance, Day insinuates that the IRS deliberately bypassed him by mailing the prelitigation settlement form and statutory notice of deficiency directly to the Latches. However, as the Latches had not properly executed a power of attorney, the IRS was legally precluded from giving notice to anyone other than the Latches. *See* 26 U.S.C. § 6103(c); 26 C.F.R. §§ 601.-502(c)(2), 601.506(a). Day also infers that the IRS failed to credit $20,000 to the Latches' 1975 tax return by granting the Latches only a $5000 credit for a $25,000 payment. However, the IRS merely complied with instructions it received from Day, who requested the $20,000 to

be applied to the Latches' tax deficiencies for other years. Day further asserts that on December 9, 1985, the government seized $9791 of the Latches' 1985 tax refund to satisfy the 1975 tax deficiency, which then amounted to only $743.26. In fact, 1975 tax deficiency was $743.26 only after the tax was abated pursuant to the parties' settlement agreement. The IRS "seized" the $9791 before this abatement had taken effect. On December 15, 1986, a government attorney explained this to Day and informed him that the Latches would receive the balance due them once the abatement was effected.

These examples of counsel's chicanery reveal conduct antithetical to the practice of law.

As a general rule, if a district court has wrongfully exercised subject matter jurisdiction over a dispute, the appellate court must vacate the district court's decision, including any award of attorney's fees. *See National Maritime Union v. Aquaslide 'N' Dive Corp.*, 737 F.2d 1395, 1400 (5th Cir.1984); *People Organized for Welfare & Employment Rights v. Thompson*, 727 F.2d 167, 173 (7th Cir.1984); *Dubil v. Rayford Camp & Co.*, 184 F.2d 899, 902 (9th Cir.1950). An exception to this rule exists where the statute under which a party seeks attorney's fees contains an independent grant of jurisdiction. *See, e.g., California Association of Physically Handicapped v. FCC*, 721 F.2d 667, 671 (9th Cir.1983), *cert. denied*, 469 U.S. 832, 105 S.Ct. 121, 83 L.Ed.2d 63 (1984).

A federal district court has subject matter jurisdiction to consider a challenge to an IRS tax assessment only when the aggrieved taxpayer pays the full amount of tax assessed and then seeks a refund. 28 U.S.C. § 1346(a)(1). The requirement that the taxpayer pay the entire amount assessed is strictly enforced. *Flora v. United States*, 362 U.S. 145, 177, 80 S.Ct. 630, 647, 4 L.Ed.2d 623 (1960). Thus, a federal district court may not entertain a declaratory judgment action "with respect to federal taxes." 28 U.S.C. § 2201(a); *see Hutchinson v. United States*, 677 F.2d 1322, 1326–27 (9th Cir.1982).[2]

Nor may the court consider a suit that seeks to enjoin the collection or assessment of federal taxes. 26 U.S.C. § 7421(a); *see Hutchinson*, 677 F.2d at 1326. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), sets forth the only relevant exception. According to *Enochs*, a district court may grant injunctive relief "if it is clear that under no circumstances could the Government ultimately prevail ... and ... equity jurisdiction otherwise exists." *Id.* at 7, 82 S.Ct. at 1129.

The Latches' original complaint and subsequent filings reveal no basis for subject matter jurisdiction over the tax dispute. The district court clearly lacked jurisdiction over the Latches' claim for a tax abatement, which involved the same relief that would be conferred by an injunction or a declaratory judgment. *See Gattuso v. Pecorella*, 733 F.2d 709, 709–10 (9th Cir. 1984) (per curiam). There is also no statute that gives federal district courts jurisdiction over suits for tax accounting.

In granting attorney's fees after the parties had resolved their other differences, the district court sought to characterize the proceedings as a refund suit. This is inaccurate, however, as the Latches did not pay the full amount of the tax assessed prior to filing their suit. In addition, the exception in *Enochs* does not apply as the Latches have not argued, nor does it appear, that the government would have had no chance to collect the full amount of the tax deficiency.[3]

Finally, it is apparent that 26 U.S.C. § 7430 does not contain an independent grant of subject matter jurisdiction. *See Sanders v. Commissioner*, 813 F.2d 859, 861–62 (7th Cir.1987). It allows attorney's fees only in "civil proceeding[s] ... brought ... in connection with the determination, collection, or refund of any tax ... and brought in a court of the United States." 26 U.S.C. § 7430(a). Therefore, since the district court lacked jurisdiction to entertain the tax claim, it had no authority to award attorney's fees.[4]

2. In certain situations Congress has authorized district courts to hear declaratory judgment actions in tax matters. *See, e.g.,* 26 U.S.C. § 7426 (levy of one's property to satisfy the tax deficiency of another); 26 U.S.C. § 7428 (eligibility for exempt status as a charity).

3. The Latches maintain that they were prevented from paying the full amount of tax assessed because the IRS refused to provide them with an accurate accounting. This contention is unconvincing. A revenue officer testified that she provided the Latches with an accounting. In any event, the Latches must have known from their own records that they had not satisfied the assessed tax deficiency.

4. This holding does not conflict with *Weiss v. Commissioner*, 88 T.C. 1036 (1987), in which petitioners sought an award of litigation costs after the tax court dismissed the case for lack of jurisdiction. The tax court determined that "section 7430 permits an award of litigation costs following a determination that a case

## CONCLUSION

The district court did not have jurisdiction to award the Latches attorney's fees and costs. Accordingly, the district court's judgment is REVERSED.

should be dismissed for lack of jurisdiction" if the petitioners were prevailing parties and otherwise qualified for such an award. *Id.* at 1041. The court reasoned that it retained jurisdiction " 'to award fees based upon the reasonableness of the parties' positions regarding a question over which the court did have jurisdiction, i.e., whether the [t]ax [c]ourt had jurisdiction. The [t]ax [c]ourt had jurisdiction over any questions which necessarily revolve around the question of jurisdiction, including attorney fees.' " *Id.* at 1040 (quoting *Sanders,* 813 F.2d at 862–63 (Reynolds, J., concurring)).

The tax court reserved judgment on whether the petitioners indeed qualified for an award because the Commissioner had no opportunity to reply to the petitioners' motion. *Id.* at 1037 n. 4, 1041. After the Commissioner responded, the court denied the petitioners' motion because they were not prevailing parties under section 7430 on the issue of whether there was jurisdiction. *Weiss v. Commissioner,* 89 T.C. 3726 (1987).

Similarly, the Latches have not prevailed on the only issue over which the district court properly had jurisdiction, i.e., the determination that it had no jurisdiction.