932 F.2d 969
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Erma SCHRADER, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 91-1072.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1991.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and ALDRICH, District Judge.*
 ORDER
 Erma Schrader, a pro se taxpayer, appeals the Tax Court's order dismissing her petition for redetermination of deficiency for lack of jurisdiction and denying her motion for litigation costs filed pursuant to 26 U.S.C. Sec. 7430. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 Schrader filed a petition with the Tax Court on May 18, 1990, contesting an alleged notice of deficiency in the amount of $1,647.12 for the tax year ending December 31, 1988. The day after she mailed her petition to the Tax Court, she received a notice from the Internal Revenue Service that no additional tax was owed. On June 15, 1990, the Commissioner moved to dismiss the action for lack of jurisdiction because no statutory notice of deficiency had been mailed to Schrader. In her objection to this motion, Schrader requested the court to award her the costs of filing her petition. The Tax Court indicated its intention, in an order dated June 27, 1990, to dismiss the petition for lack of jurisdiction, but first afforded Schrader an opportunity to establish to the court's satisfaction that she was a prevailing party entitled to an award of costs under Sec. 7430.
 Schrader subsequently submitted a formal motion for award of $119.50 in litigation costs. The Commissioner objected to the award, and the Tax Court issued an order on January 2, 1991 granting the Commissioner's motion to dismiss for lack of jurisdiction and denying Schrader's motion for costs.
 On appeal, Schrader continues to argue that the Tax Court had jurisdiction over her petition and that she should be awarded litigation costs.
 We affirm the Tax Court's order because the Tax Court lacked jurisdiction over Schrader's petition, because Schrader did not exhaust her administrative remedies, and because the Tax Court did not abuse its discretion in denying her motion for costs.
 The Tax Court lacked jurisdiction over the proceeding because a notice of deficiency is a jurisdictional prerequisite to a taxpayer's suit in the Tax Court for redetermination of tax liability. Laing v. United States, 423 U.S. 161, 165 n. 4 (1976); Rambo v. United States, 492 F.2d 1060, 1062 n. 3 (6th Cir.1974), cert. denied, 423 U.S. 1091 (1976). The attachment to Schrader's petition is actually a waiver of restrictions on assessment and collection of deficiency, sent pursuant to Sec. 6213(d). Such a waiver may be signed before a statutory notice of deficiency is mailed to the taxpayer.
 The Tax Court did not err in denying Schrader's motion for litigation costs because she did not first exhaust her administrative remedies. Exhaustion of administrative remedies is a prerequisite to an award of costs. 26 U.S.C. Sec. 7430(b)(1); In re Brickell Inv. Corp., 922 F.2d 696, 703 (11th Cir.1991); Zinniel v. Commissioner, 883 F.2d 1350, 1355 (7th Cir.1989), cert. denied, 110 S.Ct. 1805 (1990). Schrader did not prevail in the Tax Court proceeding, moreover, because the proceeding was not dismissed in her favor. See Sanders v. Commissioner, 813 F.2d 859, 862 (7th Cir.1987) (Reynolds, J., concurring). The Tax Court did not abuse its discretion in denying costs, finally, because Schrader's lawsuit was premature and unnecessary.
 
 
 1
 Accordingly, the Tax Court's order, entered January 2, 1991, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, U.S. District Judge for the Northern District of Ohio, sitting by designation