953 F.2d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gordon W. ROGERS, Plaintiff-Appellant,
v.
UNITED STATES DEPT. OF TREASURY; IRS; Nicholas Brady;
Fred T. Goldberg; Robert E. Wenzil; J.M. Wood;
Roger Steele; Candyce L. Lahn; Jerry
Iseman, Defendants-Appellees.
 No. 91-35132.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Feb. 3, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gordon W. Rogers appeals pro se the district court's dismissal of his action for failure to state a claim. In his complaint, Rogers sought the refund of taxes and penalties collected by the IRS, damages against the United States, federal officials, and bank officials, and injunctive relief to restrain the collection of taxes and penalties. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm.[1]
 
 
 3
 * Refund
 
 
 4
 In March 1985, Rogers made a payment of $1,900 to the Internal Revenue Service ("IRS") as estimated federal taxes for the first quarter of 1985. Rogers brought this action seeking refund of that payment. Rogers also sought refund of $1,073.19 which was levied from his bank account by the IRS to satisfy two $500 penalties which were assessed against Rogers pursuant to 26 U.S.C. § 6702 for filing frivolous tax returns in 1985 and 1986.
 
 
 5
 In order to bring a suit for refund of taxes in district court, a taxpayer must pay the tax in full and file an administrative claim for refund. 28 U.S.C. § 1346(a)(1); 26 U.S.C. § 7422(a); Latch v. United States, 842 F.2d 1031, 1033 (9th Cir.1988); Boyd v. United States, 762 F.2d 1369, 1371 (9th Cir.1985). The administrative claim for refund must be filed within two years of payment of the tax or three years of filing the return, whichever is later. 26 U.S.C. § 6511(a); Yuen v. United States, 825 F.2d 244, 245 (9th Cir.1987). These statutory prerequisites are jurisdictional. Yuen, 825 F.2d at 245.
 
 
 6
 Here, Rogers did not allege in his complaint that he had paid his 1985 and 1986 federal tax in full. See Latch, 842 F.2d at 1033. Further, the record shows that the IRS sent Rogers notices of deficiency for 1985 and 1986, which Rogers refers to in his Supplemental Complaint. To challenge the deficiency determination, Rogers must bring a petition for redetermination in tax court. 26 U.S.C. § 6213(a); Scar v. Commissioner, 814 F.2d 1363, 1366 (9th Cir.1987). He cannot bring a refund action until the tax has been assessed and paid in full. See Latch, 842 F.2d at 1033. Because Rogers had not paid his tax for 1985 and 1986 in full, the district court lacked jurisdiction to hear his action for refund. See Latch, 842 F.2d at 1033.
 
 
 7
 Further, the district court correctly found that Rogers failed to state a claim for refund of the section 6702 penalties. Section 6702 provides a $500 penalty for filing what purports to be a tax return which either does not contain sufficient information to judge the substantial correctness of the self-assessment or contains information that indicates on its face that the self-assessment is substantially incorrect, and this is based on a frivolous position or a desire (which appears on the face of the purported return) to delay or impede the administration of the tax laws. 26 U.S.C. § 6702(a); Colton v. Gibbs, 902 F.2d 1462, 1463 (9th Cir.1990).
 
 
 8
 In his complaint, Rogers admitted that he filed blank, unsigned returns to which he attached "Tax Analysis Schedules" which stated that he owed no taxes for the years in question. Rogers argued that he owed no taxes because, among other things, a direct tax is illegal, wages are not income, and the Internal Revenue Code does not establish the liability of individuals for income tax. We have previously rejected these arguments as frivolous. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988). Thus, the district court correctly concluded that Rogers's complaint failed to state a claim challenging the section 6702 penalties. See Colton, 902 F.2d at 1463.
 
 II
 Injunctive Relief
 
 9
 Rogers sought an injunction prohibiting the IRS from collecting any tax or penalty from him. The Anti-Injunction Act ("Act"), 26 U.S.C. § 7421(a), prohibits a taxpayer from bringing a "suit for the purpose of restraining the assessment or collection of any tax...." Id. The Act is strictly enforced. See Maxfield v. United States Postal Serv., 752 F.2d 433, 434 (9th Cir.1984); see also Bob Jones Univ. v. Simon, 416 U.S. 725, 736-37 (1974). Thus, ordinarily taxpayers are limited in district court "to suits for refund." United States v. Condo, 782 F.2d 1502, 1506 (9th Cir.1986).
 
 
 10
 There are several statutory exceptions and one judicial exception to the Act. See 26 U.S.C. §§ 6212(a), (c), 6213(a), 6672(b), 6694(c), 7426(a), (b)(1), 7429(b); Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962); Elias v. Connett, 908 F.2d 521, 523 (9th Cir.1990). Under Enochs, injunctive relief is available if the taxpayer can demonstrate that (1) under no circumstances could the government prevail, and (2) the taxpayer will be irreparably harmed if the injunction is not granted. Id.; see also Condo, 782 F.2d at 1506.
 
 
 11
 Here, Rogers failed to show that his action fell within one of the statutory exceptions to the Act. See Elias, 908 F.2d at 523. Further, because his arguments regarding his tax liability are frivolous, he can not meet the Enochs test. See Enochs, 370 U.S. at 7; Wilcox, 848 F.2d at 1008. Thus, the district court correctly determined that it lacked jurisdiction to consider Rogers's claims for injunctive relief.
 
 III
 Damages
 
 12
 Rogers sought damages against the United States and IRS officials for various alleged torts. Rogers's claims for damages against the United States and IRS officials are barred by sovereign immunity. See United States v. Testan, 424 U.S. 392, 399 (1976); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985). Further, Rogers failed to state a claim for damages under 26 U.S.C. § 7433 because he admitted in his complaint that the IRS had followed correct procedure in levying the money in his bank account.
 
 
 13
 Rogers also sought damages for wrongful disclosure of tax return information to Pioneer Bank in a Notice of Levy pursuant to 26 U.S.C. § 6103(a). The district court correctly concluded that the return information was released in order to effect a levy as authorized by 26 U.S.C. § 6103(k). See Maisano v. United States, 908 F.2d 408, 410 (9th Cir.1990).
 
 
 14
 Finally, Rogers sought damages against bank officials Lahn and Iseman for complying with the IRS's Notice of Levy. Defendants Lahn and Iseman were required by federal law to comply with the IRS levy and are immune from liability for doing so. 26 U.S.C. § 6332(a), (d). Thus, the district court correctly dismissed Rogers's complaint for failure to state a claim against Lahn and Iseman.
 
 IV
 Sanctions
 
 15
 Defendants request sanctions against Rogers for bringing this appeal. This court has discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988) ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009. Rogers's claims are wholly without merit. Accordingly, we award attorney's fees in the amount of $1,500 each to the government and the bank officials and double costs to defendants as a sanction.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rogers's motion to strike appellees' briefs is hereby denied