**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| RICHARD YOCUM, M.D., an individual, | No. 13-55919 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-00568-GPC-MDD |
| v. | |
| ROCKWELL MEDICAL TECHNOLOGIES, INC., a Michigan corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted June 2, 2015
Pasadena, California

Before: FERNANDEZ, FISHER and BEA, Circuit Judges.

Richard Yocum appeals the summary judgment entered in favor of Rockwell

Medical Technologies on his claim under California law for wrongful termination

in violation of public policy. We have jurisdiction under 28 U.S.C. § 1291, we

review de novo, and we affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** Under California law, wrongful termination of employment in violation of public policy may be based on a claim that the employer retaliated against the employee for engaging in conduct protected by a public policy embodied in a legislative source. The California Supreme Court has observed that retaliatory termination cases generally fall into four categories, only the fourth of which is relevant here: reporting an alleged violation of a law of public importance. *See Gantt v. Sentry Ins.*, 824 P.2d 680, 684 (Cal. 1992), *overruled on other grounds by Green v. Ralee Eng'g Co.*, 960 P.2d 1046 (Cal. 1998). To satisfy this requirement, an employee must either "prove an actual violation of law" or show that "the employer fired him for reporting his 'reasonably based suspicions' of illegal activity." *Green*, 960 P.2d at 1059.

Yocum has not met this standard with respect to either the U.S. Food and Drug Administration's (FDA) regulation governing the promotion of investigational drugs, 21 C.F.R. § 312.7, or the U.S. Securities and Exchange Commission's regulation regarding the selective disclosure of material information to investors, Regulation FD, 17 C.F.R. § 243.100. Yocum has not argued that Rockwell engaged in an *actual* violation of these regulations. Additionally, although he argues in his briefs that he *reasonably believed* Rockwell had violated these regulations, he has not presented any evidence that he held those beliefs

during the time he worked for Rockwell. At argument, Yocum's counsel asked us to review pages 776-79 and 784-85 of the excerpts of record. We have done so. Nothing in those excerpts creates a triable issue that Yocum believed at the time of his employment that Rockwell's actions were illegal, or that he ever informed his superiors at Rockwell that he believed their conduct might violate § 312.7 or Regulation FD. In short, because he has not presented any evidence that he reported an alleged violation of § 312.7 or Regulation FD during his tenure at Rockwell, the district court properly granted summary judgment to Rockwell on Yocum's wrongful termination claims relying on these two regulations.

2. Yocum's wrongful termination claim premised on Rockwell's alleged violations of FDA label requirements and International Conference on Harmonisation (ICH) Principle 2.3 fails as well. For a policy to support a wrongful discharge claim, it must be delineated in a constitutional, statutory or regulatory provision. *See Stevenson v. Superior Court*, 941 P.2d 1157, 1161 (Cal. 1997); *Green*, 960 P.2d at 1054; *Scott v. Phoenix Sch., Inc.*, 96 Cal. Rptr. 3d 159, 165 (Ct. App. 2009). Here, as Yocum's attorney conceded at oral argument, neither the FDA label requirements nor the ICH principles are delineated in constitutional, statutory or regulatory provisions. The district court therefore

3

properly granted summary judgment to Rockwell on Yocum's wrongful termination claim relying on these authorities.

**3.** Both the appellant and this court have been prejudiced in this matter by the unprofessional conduct of Scott E. Combs, counsel for Rockwell. Combs' answering brief failed to provide record citations, as Circuit Rule 28-2.8 requires. *See* 9th Cir. R. 28-2.8 ("Every assertion in briefs regarding matters in the record shall be supported by a reference to the location in the excerpts of record where the matter is to be found."); Circuit Advisory Committee Note to Rule 28-2 ("Sanctions may be imposed for failure to comply with this rule, particularly with respect to record references."); *Mitchel v. Gen. Elec. Co.*, 689 F.2d 877, 879 (9th Cir. 1982) (imposing sanctions for failing to provide record citations). In addition, Combs failed to appear for oral argument and, although he later stated he had misfiled a motion to appear by telephone, he was not in his office when the Deputy Clerk called to inquire about his absence, causing significant inconvenience to the court and appellant's counsel, and he failed to confirm that his motion was granted before disregarding his obligation to appear for argument. *See* Fed. R. App. P. 46(c) ("A court of appeals may discipline an attorney who practices before it for conduct unbecoming a member of the bar or for failure to comply with any court rule."); *McGinnis v. Anchorage Sch. Dist.*, 166 F.3d 343 (9th Cir. 1998) (mem.).

4

Although we refrain from imposing sanctions, we admonish Combs that his conduct in this matter does not satisfy the professional standards of this court. *See Latch v. United States*, 842 F.2d 1031, 1032 n.1 (9th Cir. 1988).

Exercising our discretion under Rule 39, we deny costs to appellee. *See* Fed. R. App. P. 39(a); Charles Alan Wright et al., 16AA Federal Practice and Procedure § 3985 (4th ed. 2015); *cf. Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 592 (9th Cir. 2000) (en banc) (noting that, under Federal Rule of Civil Procedure 54, a district court has discretion to deny costs to a prevailing party to account for that party's misconduct).

Each party shall bear its own costs on appeal.

**AFFIRMED.**