**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEROLD M. GORSKI, | No. 14-56617 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 8:13-cv-00594-CJC-JPR |
| INTERNAL REVENUE SERVICE, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted October 25, 2016**

Before:    LEAVY, SILVERMAN, and GRABER, Circuit Judges.

Jerold M. Gorski, an attorney, appeals pro se from the district court's

summary judgment in his tax refund action. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo. *United States v. Peninsula Commc'ns, Inc.*, 287 F.3d

832, 836 (9th Cir. 2002) (dismissal for lack of subject matter jurisdiction); *Fair*

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1135 (9th Cir. 2001) (summary judgment). We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment because Gorski failed to raise a genuine dispute of material fact as to whether he is entitled to refunds for tax years 2007, 2008, and 2010. *See United States v. Janis*, 428 U.S. 433, 440 (1976) (taxpayer bears burden of proving amount he is entitled to recover).

The district court properly dismissed Gorski's claims for negligence and accounting for lack of subject matter jurisdiction. *See* 26 U.S.C. § 7433(a) (taxpayer may bring civil action for damages only for a specific statutory or regulatory violation); *Miller v. United States*, 66 F.3d 220, 223 (9th Cir. 1995) (taxpayer cannot seek damages for improper assessments); *Latch v. United States*, 842 F.2d 1031, 1033 (9th Cir. 1988) (federal courts have no jurisdiction over suits for tax accounting). However, we vacate the judgment to the extent that it dismissed the claims with prejudice, and remand for entry of dismissal without prejudice, including the dismissal of the refund claim for the tax year 2009. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (dismissals for lack of subject matter jurisdiction should be without prejudice).

The district court did not clearly err by finding that the magistrate judge had properly denied Gorski's motion to quash for failing to comply with the local rules.

*See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (district court given broad deference in interpreting local rules); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (standard of review).

The district court did not abuse its discretion by denying Gorski's ex parte application for a stay of defendant's subpoena because the subpoena sought relevant, unprivileged information. *See Reiserer v. United States*, 479 F.3d 1160, 1165 (9th Cir. 2007) ("[T]here is no privilege between a bank and a depositor."); *Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813-14 (9th Cir. 2003) (reviewing decision to quash for abuse of discretion and finding no abuse when subpoena was quashed for seeking information not relevant to litigation).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including Gorski's contention that defendant is retaliating against him due to an earlier lawsuit. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *see also Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim[.]" (citation omitted)).

Gorski's arguments regarding the need for a continuance, his privacy concerns, privilege, the need for more discovery, the consideration of extrinsic evidence, and sovereign immunity are unpersuasive.

14-56617

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**