NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 7, 2020[*]
Decided July 22, 2020

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 19-2121

| | |
|---|---|
| PAMELA E. VEAL-HILL, *Petitioner-Appellant*, | Appeal from the United States Tax Court. |
| *v.* | No. 1517-17 |
| COMMISSIONER OF INTERNAL REVENUE, *Respondent-Appellee*. | Richard T. Morrison, *Judge*. |

## O R D E R

After reaching a settlement in a dispute with the Internal Revenue Service, Pamela Veal-Hill filed a motion for attorney's fees and administrative costs, as well as damages for intentional infliction of emotional distress. The Tax Court denied the motion, explaining that it lacked jurisdiction over her tort claim and that she could not recover fees or costs because she failed to exhaust administrative remedies. We affirm the judgment and order Veal-Hill's attorneys to show cause why they should not be sanctioned for filing briefs that do not remotely confront the issues in this appeal.

---

[*] We previously determined that oral argument is unnecessary to resolve this appeal, so the case is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2)(C).

This suit stems from an audit of Veal-Hill's 2013 and 2014 tax returns. After completing its examination in July 2016, the IRS sent Veal-Hill a letter identifying proposed changes to her returns, showing that she owed nearly $84,000 in back taxes and penalties. The letter stated that if she did not agree with the IRS's findings, she could request a meeting with a revenue agent, and if that did not resolve the dispute, she could file (within 30 days) a written request for a conference with the agency's Office of Appeals. Veal-Hill did not respond to the letter, so in December 2016 the IRS sent her a formal Notice of Deficiency incorporating the unchallenged audit findings.

In January 2017 Veal-Hill timely petitioned the Tax Court for a redetermination of her tax liabilities. After answering the petition, the Commissioner of Internal Revenue asked the Office of Appeals to review the case. Ultimately, after Veal-Hill furnished hundreds of pages of additional documents and nine affidavits, the appeals officer recommended that the Commissioner retract most of the deficiencies identified in the audit. The parties filed a joint stipulation in the Tax Court, agreeing that Veal-Hill owed approximately $550 in taxes and no penalties. The settlement resolved "all of the issues … except [Veal-Hill's] claim for litigation and administrative costs."

Veal-Hill then filed a motion for litigation costs under 26 U.S.C. § 7430(a) seeking approximately $44,000 in attorney's fees. She also sought compensatory and punitive damages for intentional infliction of emotional distress because the revenue agent allegedly conducted the audits in an "outrageous, incompetent[,] and extremely reckless manner." The Commissioner opposed the motion, arguing in part that Veal-Hill had not exhausted administrative remedies with respect to her claim for costs and fees as required by 26 U.S.C. § 7430(b)(1). Veal-Hill attached a "Protest and Request for Appeals Conference" dated April 2, 2019, and directed to the IRS Appeals Office to her reply in which she asked the agency to consider her (already resolved) tax liabilities for 2013 and 2014 and her motion for litigation costs. It is not clear whether she also filed this written protest with the IRS directly.

The Tax Court denied Veal-Hill's motion, concluding that she could not recover litigation costs because she did not exhaust administrative remedies before filing her petition. The judge also concluded that he lacked jurisdiction over her tort claim.

Veal-Hill appeals both rulings. Her opening brief, signed by her two attorneys, is practically devoid of coherent legal argument and primarily focuses on irrelevant topics like biblical ethics and the life story of one of the attorneys. The reply brief is more of

the same. Although we could dismiss the appeal on this basis alone, *see* FED. R. APP. P. 28(a) & 38, the merits here are straightforward, so we will address them.

First, the Tax Court did not abuse its discretion in denying Veal-Hill's motion for litigation costs under § 7430. *See Zinniel v. Comm'r*, 883 F.2d 1350, 1355 (7th Cir. 1989) (abuse-of-discretion standard for reviewing § 7430 motions). "[L]itigation costs shall not be awarded … unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the [IRS]." § 7430(b)(1). For matters in which a conference with the IRS Office of Appeals is available to resolve disputes, a party exhausts administrative remedies only by (1) participating in a conference "prior to filing a petition in the Tax Court" or (2) requesting a conference, even if none is granted, "prior to the issuance of a statutory notice [of deficiency]." 26 C.F.R. § 301.7430-1(b). Veal-Hill did neither. In fact, she "chose" to bypass the administrative appeals process because she believed the Tax Court would be more impartial than the IRS. But "believ[ing] a conference would not aid in the resolution of the tax dispute" is not a valid reason for failing to request one. *Id.* § 301.7430-1(g) (Example 9). And even assuming Veal-Hill submitted her written protest to the IRS in April 2019, belatedly seeking an appeals conference more than two years *after* receiving the notice of deficiency and filing a petition does not satisfy the exhaustion requirement. *See id.* (Example 11).

Second, the Tax Court lacks subject-matter jurisdiction over Veal-Hill's tort claim for intentional infliction of emotional distress. "The Tax Court is a court of limited jurisdiction[] and possesses only such adjudicatory powers as Congress has expressly conferred on it in the Internal Revenue Code." *Sanders v. Comm'r*, 813 F.2d 859, 861 (7th Cir. 1987); *see also* 26 U.S.C. § 7442. As Veal-Hill admits in her reply brief, no statute grants the Tax Court jurisdiction over common-law tort claims. And in any case, she could not use a motion for litigation costs under § 7430 to bring one; as we have observed, that section is neither "an independent grant of jurisdiction to the Tax Court, nor an enlargement of the [T]ax [C]ourt's jurisdiction." *Sanders*, 813 F.2d at 862. That claim would have to be brought in a court with original jurisdiction over common-law torts, though we are not suggesting that Veal-Hill has grounds to do so.

The judgment of the Tax Court is AFFIRMED. Because the appeal is frivolous and Veal-Hill's brief is nearly incoherent and discusses irrelevant subjects at inexcusable length, we order her lawyers, Edward A. Williams and Crystal L. Johnson, to show cause within 30 days why they should not be sanctioned for violating Federal Rules of Appellate Procedure 28(a)(6)–(8) and 38.