Carl PARKS, Appellee,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Appellant.

Jeanne HAMILTON, Appellee,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Appellant.

Docket Nos. 87–6238, 87–6240.

United States Court of Appeals, Second Circuit.

Submitted Jan. 19, 1988.

Decided Feb. 8, 1988.

John S. Hogg, Hamilton, N.Y., for appellees.

William Kanter, Marilyn S.G. Urwitz, U.S. Dept. of Justice, Washington, D.C., for appellant.

Before LUMBARD, KEARSE, and PIERCE, Circuit Judges.

PER CURIAM:

Plaintiffs-appellees Carl Parks and Jeanne Hamilton, who, through separate district court actions, secured the restoration of their social security disability benefits under the Social Security Act, 42 U.S.C. § 301 *et seq.* (1982 & Supp. III 1985), and obtained orders awarding them expenses and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1982 & Supp. III 1985) ("EAJA" or "Act"), move in this Court under the EAJA for expenses and attorneys' fees incurred in connection

---

with the appeals filed by defendant Secretary of Health and Human Services ("Secretary") from the district court's orders granting fees. The appeals have now been withdrawn, and the Secretary urges this Court to deny the motions in whole or in part. For the reasons below, the motions are granted in part.

## BACKGROUND

The pertinent facts do not appear to be in dispute. Parks and Hamilton initiated their actions in the United States District Court for the Northern District of New York in January 1984 and November 1983, respectively, seeking restoration of social security disability insurance benefits that had been terminated by the Social Security Administration. Following the filing of answers to the complaints, the district court remanded the cases to the Secretary for further proceedings in accordance with a provision of the then-recently enacted Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794, 1797–98, codified in notes following 42 U.S.C. § 423. On remand, the Secretary found that each plaintiff was entitled to a continuation of benefits. Plaintiffs having received the relief they sought, their district court complaints were dismissed pursuant to stipulations.

Plaintiffs then moved for awards of attorneys' fees and expenses pursuant to the Social Security Act and the EAJA. The district court, finding that both plaintiffs were "prevailing parties" within the meaning of the EAJA and that the Secretary's positions were not "substantially justified," awarded fees and expenses to plaintiffs under the EAJA, 28 U.S.C. § 2412(d).

The Secretary appealed from the fee orders, apparently seeking reversals on the ground that plaintiffs were not prevailing parties. Plaintiffs cross-appealed, seeking increases in the amounts awarded by the district court. Prior to the date on which the Secretary's briefs were due, the parties stipulated that the Secretary would withdraw his appeals and plaintiffs would withdraw their cross-appeals; issues as to attorneys' fees on the appeals were reserved.

Thereafter, plaintiffs brought the present motions seeking awards of attorneys' fees and expenses for work performed in connection with the Secretary's appeals. Parks seeks expenses in the amount of $123.28, plus fees in the amount of either $678.90, for 7.3 hours at the rate of $93 per hour, or $744.60, reflecting an hourly rate of $102. Hamilton seeks expenses in the amount of $122.15, plus fees in the amount of either $579.60 [sic], for 6.3 hours at the rate of $93 per hour, or $642.60, reflecting an hourly rate of $102. In each case, the plaintiff's request includes one hour not yet expended but said to be "required for completion of the matter." In requesting that fees be paid at the hourly rate of $102, rather than $93, plaintiffs contend that the cost-of-living increases permitted in the hourly rate ceiling set by the Act, see 28 U.S.C. § 2412(d)(2)(A), should be calculated from October 1980 when the EAJA was passed, rather than from October 1981 when it became effective.

The Secretary has presented no principled opposition to some award of fees. He has simply taken the position that he opposes the motions because he is "unsure whether" prior decisions of this Court make an award of attorneys' fees "mandatory in these circumstances, where the parties stipulated to dismissal of the appeal pursuant to a preargument conference conducted under the auspices of this Court's Civil Appeals Management Program." The Secretary also argues that if any award of fees is to be made, the calculation of cost-of-living increases should use as a base date October 1, 1981, the date the EAJA became effective, and the award should be limited to time already spent and not seek to compensate time that may or may not be spent in the future.

We conclude that plaintiffs are entitled to fee awards but that the amounts should be limited as argued by the Secretary.

## DISCUSSION

In a recent opinion concerning the awardability of fees and expenses in connection with an appeal by the Secretary from a district court award of fees and expenses under the EAJA, this Court ruled that "where the government's underlying position is not substantially justified, plaintiff is entitled under the EAJA to recover all attorney's fees and expenses reasonably incurred in connection with the vindication of his rights, including those related to any litigation over fees, and any appeal." *Trichilo v. Secretary of Health and Human Services*, 832 F.2d 743, 745 (2d Cir.1987) (per curiam) ("*Trichilo II*"); *see also Trichilo v. Secretary of Health and Human Services*, 823 F.2d 702, 707 (2d Cir.1987) ("*Trichilo I*"). Even where the Secretary's position on appeal might not be unjustifiable, if the government's substantive position leading to the suit has been found "not 'substantially justified', the plaintiff is entitled to recover *all* reasonable attorney's fees incurred." *Trichilo II*, 832 F.2d at 745 (emphasis in original); *Trichilo I*, 823 F.2d at 708.

Although the *Trichilo* rule was stated in the context of an appeal that was fully adjudicated unfavorably to the government, we see no reason why it should not also apply in connection with an appeal that the government withdraws prior to adjudication. It would defy logic to refuse to extend the right to recover fees and expenses to matters in which the government withdraws its appeals, for such a refusal would permit the government at its whim to impose on claimants an unrecoverable expense, an imposition that cannot be justifiable.

Accordingly, in the present cases, since the district court found that the Secretary's underlying positions were not substantially justified, we conclude that Parks and Hamilton are entitled to awards of fees for work done in connection with the Secretary's withdrawn appeals in their respective cases.

We also think it clear that the rate at which fees are to be reimbursed should be calculated with reference to the date on which the EAJA became effective rather than the date on which it was passed. The statute itself contains no indication that Congress intended that the government's exposure to liability for fees should in any way be retrospective. Thus, in *Trichilo I*, we used the 1981 date as the base point for calculating cost-of-living increases envisioned by the Act. *See* 823 F.2d at 707 ("background and substance of [the EAJA] convince us that congress intended the measuring point for inflationary increases in the attorney's fee cap to be October 1, 1981"). Accordingly, the fees to be awarded plaintiffs will be calculated at the rate of $93 per hour, not $102 per hour.

Finally, our award of fees to Parks and Hamilton is limited to the 6.3 and 5.3 hours, respectively, that have been spent in connection with the appeals and these fee motions. The request for compensation for an extra hour in each case is unsupported by any information other than a conclusory statement that that time will be required for completion of the case. We are unaware of any supporting authority suggesting that such anticipated time should be compensated, at least in the absence of any explanation of the need for it.

## CONCLUSION

The motion of Parks for attorneys' fees and expenses is granted to the extent of $585.90 plus $123.28, for a total of $709.18. The motion of Hamilton for attorneys' fees and expenses is granted to the extent of $492.90 plus $122.15, for a total of $615.05.