In re Gary KOLB, Debtor.

Gary E. KOLB, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 91 C 5168.

United States District Court, N.D. Illinois, E.D.

Jan. 15, 1992.

---

Robert E. McKenzie, McKenzie & McKenzie, P.C., Chicago, Ill., for plaintiff.

Benjamin R. Norris, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

LEINENWEBER, District Judge.

On June 28, 1991, United States Bankruptcy Judge, Susan Sonderby, found the United States (the "government") in civil contempt for wilfully violating a discharge order. The bankruptcy court found that Section 106(c) of the Bankruptcy Code ("Section 106(c)") waives the government's sovereign immunity, making it subject to a suit for contempt and damages. The bankruptcy court awarded damages in the form of reasonable attorneys' fees and costs for pursuing the action. The government objects to the bankruptcy court's findings of fact and law. After a review of the record, the court affirms the order of the bankruptcy court.

## FACTS

On April 25, 1986, Debtor, Gary Kolb ("Kolb"), filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. He listed the United States/Internal Revenue Service ("IRS") as a priority creditor for his 1978–1980 tax liabilities. On August 26, 1986, Kolb received a discharge from these tax liabilities. Although Kolb's attorney informed the IRS of the filing, the IRS continued to send collection notices. Kolb's attorney demanded that the IRS cease its efforts. In April 1988, the IRS improperly applied Kolb's 1987 tax refund against Kolb's discharged tax liabilities. The IRS failed to respond to several letters and telephone calls complaining of the action and asking for a refund. On April 3, 1989, the IRS sent Kolb a statement showing the new amount due on the discharged tax liability. The IRS again failed to respond when Kolb's attorney wrote a letter

in protest. In May 1989, the IRS improperly applied Kolb's 1989 tax refund against his tax liabilities, prompting Kolb to file his Petition to Show Cause.

The bankruptcy court ruled that the doctrine of sovereign immunity did not prevent Kolb from bringing the action. The court found that Section 106(c) provides a waiver of the government's sovereign immunity. The court also found "that the IRS's continual post-discharge efforts to collect the Debtor's discharged tax liabilities, including withholding overpayments from post-petition years, coupled with the remarkably flagrant indifference to counsel's correspondence over the past five years, constitutes a willful violation of the discharge order." Memorandum Opinion, page 7. The court awarded damages in the form of reasonable attorneys' fees and costs for pursuing the issue from September 18, 1986, the date of the first discharge letter to the IRS, through the filing of the fee petition. On July 8, 1991, the government filed objection to the court's findings of fact and law.

## DISCUSSION

Bankruptcy Rule 9033 provides for *de novo* review by a district court of a contempt order made pursuant to Bankruptcy Rule 9020(c). The contempt proceeding resulting in the bankruptcy court's order of June 28, 1991, was a core proceeding; accordingly, the court reviews the findings *de novo*.

The government argues that Section 106(c)'s waiver of sovereign immunity does not extend to the power to impose the penalty of contempt. The court does not agree. The Debtor's discharge would be meaningless if courts could not enforce it. It is a necessary and obvious implication of the express waiver in Section 106(c) that the court may hold the IRS in civil contempt. *In re Conti*, 50 B.R. 142, 145–46 (Bankr.E.D.Va.1985); *See also In re Price*, 130 B.R. 259 (N.D.Ill.1991); *In re Bryant*, 116 B.R. 272, 275 (Bankr.D.Kan.1990), *aff'd* 1991 WL 204911, 1991 U.S.Dist. Lexis 13,-093 (D.C.Kan.). The court finds that Sec-

tion 106(c) gives a bankruptcy court the power to enforce its orders by remedying the consequences of a violation. The IRS is subject to contempt like other creditors who ignore a discharge order. Because sovereign immunity was waived, the bankruptcy court had subject matter jurisdiction over the case.

 The government next argues that the facts found do not support a finding that the government "wilfully" violated the permanent stay. This is not so. The IRS is not privileged to ignore a discharge of liability. Given the amount of effort to which Kolb and his attorney went to inform the IRS of the discharge and the public record of the discharge itself, the court agrees with the bankruptcy court's finding of wilfulness. Moreover, the absence of wilfulness would not relieve the government from civil contempt. Because the purpose of civil contempt is remedial, the defendant's intent is not relevant if it violated a court's order. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599 (1949); *In re Conti*, 50 B.R. at 146.

The government argues that even if sovereign immunity was waived sufficiently for it to be found in contempt, the waiver is not so broad as to permit an award of attorneys' fees. Once again, the court disagrees. The government argues that the only waiver of sovereign immunity that permits a claimant to recover attorneys' fees and costs against the government in tax matters is found in 26 U.S.C. § 7430, the conditions of which are not fulfilled. This argument is at best disingenuous. This is not a tax matter. The waiver of sovereign immunity is based on the Bankruptcy Code, not the Internal Revenue Code. Attorneys' fees are a good measure of the actual loss by a plaintiff in pursuing his claim and serve as fair compensation. *In re Burrow*, 36 B.R. 960, 966 (Bankr. D.Utah 1984). Kolb will thus be compensated for defending the rights granted to him by the discharge. *In re Kiker*, 98 B.R. 103, 110 (Bankr.N.D.Ga.1988). As one bankruptcy court noted, "An opposite conclusion would mean the government could engage in dilatory tactics and ignore court orders in a bankruptcy proceeding without regard to the legal expenses imposed on the opposing party." *In re Newlin*, 29 B.R. 781, 787 (Bankr.E.D.Pa.1983).

The court affirms the finding of the bankruptcy court that the government is in civil contempt for wilfully violating the discharge order. Debtor's attorney shall file his fee application with the bankruptcy court within 21 days of the date of this order.

IT IS SO ORDERED.