UNITED STATES of America, Appellant,

v.

Gary E. KOLB, Appellee.

No. 93 C 4108.

United States District Court,
N.D. Illinois, E.D.

Nov. 9, 1993.

Michael J. Shepard, U.S. Atty's. Office, Chicago, IL, Karen A. Smith, Mayer Y. Silber, U.S. Dept. of Washington, DC, for U.S.

Judith Irwin Gilliland, Robert E. McKenzie, Cary Richard Rosenthal, Ralph P. Bassett, McKenzie & McKenzie, P.C., Chicago, IL, for Gary E. Kolb.

## MEMORANDUM OPINION AND ORDER

LEINENWEBER, District Judge.

The government appeals the grant by a bankruptcy court of attorney's fees and liti-

gation costs to appellee, Gary E. Kolb ("Kolb"). Kolb cross-appeals, objecting to a number of aspects of the bankruptcy court's calculation of his award.

### FACTS

The facts of this case, as stated by the bankruptcy court, are as follows. On April 25, 1986, appellee Kolb filed a voluntary Chapter 7 bankruptcy petition. On August 26, 1986, he received a discharge that included his 1978, 1979, and 1980 tax liabilities. Later, however, the Internal Revenue Service ("IRS") improperly applied tax refunds against Kolb's discharged tax liabilities. The bankruptcy court found the IRS in civil contempt for wilfully violating the discharge order. The bankruptcy court ordered Kolb to submit his fee application for purposes of determining monetary damages to be awarded against the United States. The court affirmed the bankruptcy court's decision in *In re Kolb*, 137 B.R. 29 (N.D.Ill.1992).

On February 25, 1992, the United States Supreme Court ruled in *U.S. v. Nordic Village*, ― U.S. ―, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992), that 11 U.S.C. 106(c) does not waive the United States' sovereign immunity as to monetary damages. The United States thus moved the bankruptcy court to dismiss the instant case for lack of jurisdiction. On January 13, 1993, the bankruptcy court denied the United States' motion to dismiss and held that 26 U.S.C. § 7430 provided a waiver of sovereign immunity. Based on the latter finding, the bankruptcy court awarded Kolb attorney's fees and costs.

On April 22, 1993, the bankruptcy court ruled on Kolb's fee petition. It held that he could recover fees incurred on and following the date that his fee petition had been drawn up, and that he could recover the $75 per hour maximum rate allowed under 26 U.S.C. § 7430, adjusted for a cost of living adjustment ("COLA") using 1986 as the base year.

Following the bankruptcy court's ruling, Kolb filed a proposed order detailing the precise amount which he contended should be awarded. The United States objected to the proposed order on the ground that the fees had not been calculated by adjusting the COLAs on a yearly basis, and that rates for attorneys whose billing rates were lower than the adjusted rates should not receive a greater amount of money than they would if they were charging their actual billing rates.

On June 2, 1993, the bankruptcy court ruled in favor of the United States regarding its objections to the proposed order.

Both parties now appeal the bankruptcy court's assessment of the damages owed Kolb by the United States.

### DISCUSSION

The government's first argument is that although the United States Supreme Court's recent decision in *U.S. v. Nordic Village* invalidated this court's "prior finding that 11 U.S.C. § 106(c) provided the waiver of sovereign immunity to allow Mr. Kolb to receive a monetary recovery from the United States, it did not invalidate the Court's earlier finding that the waiver of sovereign immunity must be found in the Bankruptcy Code." United States' Appeal Brief, p. 7.

 Dicta in the court's prior ruling does not represent grounds to invalidate the bankruptcy court's decision to award the cross appellant attorney's fees under section 7430 of the Internal Revenue Code. Seventh Circuit law is clear on this issue. The Seventh Circuit has held that the law of the case doctrine does not extend to issues not presented or decided on prior appeal. *Parts & Electric Motors, Inc. v. Sterling Electric*, 866 F.2d 228 (7th Cir.1988). Moreover, as the Seventh Circuit stated in *Gertz v. Robert Welch, Inc.*, "Observations, commentary, or mere dicta touching upon issues not formally before the Court do not constitute binding determinations." 680 F.2d 527, 533 (7th Cir. 1982), *cert. denied*, 459 U.S. 1226, 103 S.Ct. 1233, 75 L.Ed.2d 467 (1983). Clearly, dicta is not binding on subsequent rulings.

The original case that this court heard on appeal, *In Re Kolb*, concerned both a bankruptcy stay and an effort to collect taxes. At that point, the case fell under the ambit of 11 U.S.C. § 106(c) and, thus, there was no need to reach the tax issue. As a result, that issue was not decided. The court's statement

quoted by the government as part of its law-of-the-case-doctrine argument did not represent a ruling on the merits of the tax issue; it was instead mere commentary on an issue not formally before the court.

█ The government next argues that it has not waived its immunity to be sued for an award of attorney's fees. The court finds that the bankruptcy court was correct when it held that this case is distinguishable from *Sanders v. Commissioner*, 813 F.2d 859 (7th Cir.1987), and that the United States did waive its immunity to be sued. In *Sanders*, a petition which challenged a deficiency notification was dismissed by a tax court. After that ruling, the taxpayer brought a section 7430 motion to recover fees. This motion was dismissed by the tax court for lack of jurisdiction. The Seventh Circuit affirmed the decision of the tax court, stating that "once the Tax Court dismissed the suit, it had no jurisdiction to hear the petition." *Sanders*, 813 F.2d at 862. The tax court is a court of limited jurisdiction. Because of that, and because section 7430 contains no time limitation, the Seventh Circuit held that Congress intended that a section 7430 motion be made before the final disposition of the case.

In the instant case, as the bankruptcy court noted, Kolb requested attorney's fees at the same time he petitioned for relief from the IRS's attempts to collect on his discharged tax liabilities. This differentiates Kolb from the taxpayer in *Sanders* who brought a section 7430 motion after final disposition of the matter. The court agrees with the bankruptcy court's finding that it had jurisdiction to impose damages for costs and fees under section 7430, and its holding that that jurisdiction derived from Kolb's suit against the government for its wrongful efforts to collect the discharged tax liability.

█ The government next argues that Kolb has not met the requirements of section 7430. It cites *In re Chambers*, 131 B.R. 818, *aff'd in part, rev'd in part*, 140 B.R. 233 (N.D.Ill.1992), in support of its contention that Kolb is required to have prevailed on an issue before he can expect an award of attorney's fees under section 7430 and that he has

failed to do so. However, the bankruptcy court accurately stated that the government

> raised the question of whether the IRS violated the discharge order by offsetting tax refunds against discharged tax liabilities. In other words, the Court was asked to determine whether the IRS acted improperly. The Court found that the United States had acted improperly in connection with its attempt to collect a discharged tax.

*In re Gary Kolb*, 86 B 6608, 1991 WL 355019, Transcript of Proceedings, January 13, 1993, at 8. The bankruptcy court was correct when it held that Kolb substantially prevailed with respect to the issue presented. As the court stated in its prior opinion regarding this matter, the issue that Kolb raised in his adversary proceeding was whether the government was "in civil contempt for wilfully violating the discharge order." *In re Kolb*, 137 B.R. 29, 31 (N.D.Ill.1992). Kolb prevailed on this primary issue, for the bankruptcy court found the government to be in civil contempt. Therefore, this aspect of the government's argument does not demonstrate that Kolb is not entitled to fees and costs under section 7430.

█ The government is correct to argue that Kolb had the burden of proving that the government's position was not substantially justified. *Zinniel v. C.I.R.*, 883 F.2d 1350, 1356 and n. 9 (7th Cir.1989), *cert. denied*, 494 U.S. 1078, 110 S.Ct. 1805, 108 L.Ed.2d 936 (1990). However, it is incorrect when it argues that "it is clear that the United States' position was substantially justified ... [simply because it] never denied that the IRS' collection attempts were invalid." United States' Appeal Brief, at 15. The government provides no justification for forcing Kolb to obtain a civil contempt order to compel it to comply with the discharge order.

Since there is no contention by the government that Kolb did not exhaust his administrative remedies (the final section 7430 requirement), the court holds that Kolb has met the necessary requirements under section 7430 to receive a monetary award.

█ The government next argues that "Mr. Kolb's fee petition did not set out the

billing entries in sufficient detail to support his entitlement thereto." United States' Appeal Brief, at 16. The determination of the monetary sum that Kolb should be awarded is a finding of fact by the bankruptcy court. When reviewing the judgment of a bankruptcy court, a district court must accept the bankruptcy court's findings of fact unless they are "clearly erroneous." Bankruptcy Rule 8013. The bankruptcy court itself, however, stated that because Kolb's fees were to be paid pursuant to 28 U.S.C. § 7430 instead of Title II, the fee petition was brought in a non-bankruptcy setting. For that reason, Kolb maintains that the standard of review revolves around the question of whether the bankruptcy court abused its discretion. The court need not enter that thicket, for the bankruptcy court's ruling easily passes muster under either of those standards.

The bankruptcy court properly used the standard of review that the Seventh Circuit held in *In re Continental Ill. Securities Litigation,* 962 F.2d 566 (7th Cir.1992), should be applied in a non-bankruptcy setting to determine fee awards. In that case, the court held that market factors should determine whether attorney's fees are reasonable in a non-bankruptcy setting. The bankruptcy court, in holding that the billing entries provided by Kolb's attorneys were detailed enough to support his claim for reimbursement, stated, "When objecting to a fee application attested to by counsel as true and accurate, the objecting party must provide something more than a mere allegation." After examining the fee petition and reviewing the objections made by the government, the court finds that the bankruptcy court neither was clearly in error nor abused its discretion when it described the government's objections as mere allegations and declared that "the fee application entries were sufficient upon which to base an award." *In re Gary Kolb,* 86 B 6608, 1991 WL 355019, Transcript of Proceedings, April 22, 1993, at 9.

■ Moreover, with regard to the government's claim that some of Kolb's costs should not qualify as court costs under section 7430(c)(2), the court agrees with the bankruptcy court's interpretation of section 7430(c)(1), which contains a non-exhaustive outline of "reasonable litigation costs" and provides for compensation under section 7430. The bankruptcy court found

> that the expenses listed in the fee application, including photocopy expenses, fax transactions [sic], et cetera [sic], constitute reasonable litigation costs and thus are compensable.

*In re Gary Kolb,* 86 B 6608, 1991 WL 355019, Transcript of Proceedings, April 22, 1993, at 10. The bankruptcy court's holding on this matter is consistent with the recent rulings of other courts. The Eighth Circuit has held that costs such as traveling, mailing, and photocopying "are inevitable in any litigation, and are reasonably considered 'reasonable litigation costs,' which may be recovered pursuant to 26 U.S.C. § 7430(c)(1) . . . ." *Miller v. Alamo,* 983 F.2d 856, 862 (8th Cir.1993). *See also U.S. v. Sam Ellis Stores, Inc.,* 768 F.Supp. 286, 290 (S.D.Cal.1991) ("While no authority exists addressing what 'court costs' consist of, it appears that the requested costs [for items such as postage, mileage, and electronic research] are normal litigation expenses that arise in federal litigation practice in this era."). The court will not reverse the bankruptcy court's application of the law to the facts in this case, for it reflects an appropriate interpretation of section 7430(c)(1).

■ Regarding Kolb's cross-appeal request for fees in excess of the $75.00 cap imposed by section 7430 under ordinary circumstances, the court is in agreement with the bankruptcy court in its assessment that "Kolb's counsel fails to possess specialized skills to fall within the category of being an attorney of limited availability." *In re Gary Kolb,* 86 B 6608, 1991 WL 355019, Trans. of Proceedings, April 22, 1993, at 9. As the government correctly observes, section 7430 applies only in tax cases and if the expertise in tax law possessed by Kolb's attorneys (the unremarkable character of which has already been commented upon by the bankruptcy court) represented a special factor permitting a market rate to apply, "fees in excess of $75.00 per hour could be recovered in virtually all cases in which section 7430 applies." United States' Reply Brief, at 6. The government, *citing Cassuto v. C.I.R.,* 936 F.2d

736, 743 (2nd Cir.1991), argues that this is contrary to the intent of the 1986 legislation setting forth a maximum rate of $75.00 per hour in tax cases and removing that cap only if a "special factor" were present. The court agrees with this contention and rules that no "special factor" exists in this case; the $75.00 per hour cap on attorney's fees imposed by the bankruptcy court is affirmed.

■ The next issue raised by Kolb in his cross-appeal concerns the proper base year for awarding a cost of living adjustment under section 7430. Courts that have considered COLAs under section 7430 have not agreed on the proper base date to use. For example, while the district court in *Buchanan v. U.S.*, 755 F.Supp. 319, 323 (D.Or.1990) held that the proper base date is March 1, 1983 (the date that the original version of section 7430 became effective), the Fifth Circuit, in *Bode v. U.S.*, 919 F.2d 1044, 1053 n. 8, has stated that the proper base date should be January 1, 1986 (the date that the amended version of section 7430, which added the hourly cap and the COLA, became effective). The government is correct when it states that references to cases involving the COLA in the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") are inappropriate. Section 2412(e) states, "The provisions of this section shall not apply to any costs, fees, and other expenses in connection with any proceeding to which section 7430 of the Internal Revenue Code of 1954 applies." 28 U.S.C. § 2412(e). The court agrees with the government regarding the importance of the decisions in *Wells v. Bowen*, 855 F.2d 37 (2d Cir.1988), and *Parks v. Bowen*, 839 F.2d 44 (2d Cir.1988). The former case held that a COLA is appropriate where there is a "demonstrable increase in the cost of living since the date of the statute's effectiveness." 855 F.2d at 43. The latter case held that a COLA should be "calculated with reference to the date on which the [statute in question] became effective...." 839 F.2d at 46. The COLA for attorney's fees in tax cases became effective on January 1, 1986.

The question then raised concerns whether to use the date on which the original version of section 7430 became effective or use the date on which the amendment to the statute allowing for a COLA for attorney's fees became effective. In making this decision, the court finds itself in agreement with the bankruptcy court regarding the persuasiveness of the reasoning in *Cassuto*. In that case, the Second Circuit stated, "Because the concept of awarding COLAs [under section 7430] was not in place until 1986, we decline to recognize an earlier starting date." The court, therefore, affirms the bankruptcy court's decision that the COLA under section 7430 must be measured from January 1, 1986.

■ Kolb next argues that the bankruptcy court erred by not awarding a cost of living adjustment under 26 U.S.C. § 7430 for his counsel's rates for service providers whose rates were less than $75.00 per hour. Besides a one-sentence request that the court not "penalize service providers [whose] ... per hour rate was less than 75.00 per hour," cross appellant has provided neither case law nor any substantial argument regarding why the bankruptcy court should have diverged, and why this court should now diverge, from the approach to this issue outlined by the chief bankruptcy judge of this district in *Chambers*, 131 B.R. 818. Appellee's brief, at 15. In that case, Judge Schwartz stated that "[t]he court allowed the attorney's usual billing rate except that any attorney's rates which exceeded [the cost-of-living-adjusted rate under section 7430] were reduced to [the adjusted rate]." 131 B.R. at 827, n. 11. In the absence of any well-developed reason why the bankruptcy court should not have followed that far from unreasonable practice, this court affirms it.

■ Finally, cross appellant contends that the bankruptcy court erred by denying compensation for legal services provided to him prior to May 6, 1989 (the date that the adversary complaint was drafted). An examination of the provisions of section 7430 leads to the conclusion that the bankruptcy court's ruling was proper. Section 7430(c)(2)(B) limits an award to "[t]hose services provided on or after the earlier of (i) the date of the receipt of the taxpayer of the decision of the Internal Revenue Service Office of Appeals, or (ii) the date of the notice of deficiency." In the instant case, neither of the above factors is applicable and, thus, the bankrupt-

cy court properly determined that it was necessary to turn to section 7430(c)(1)(B)(iii), which states that reasonable litigation costs include "reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding...." The bankruptcy court went on to state that since Kolb's counsel began drafting the complaint for the bankruptcy proceeding on May 6, 1989, the court would deny any compensation for legal services provided for Kolb before that date. Not only does the bankruptcy court's holding appear to be an accurate application of section 7430(c)(1)(B)(iii) to the facts of the instant case, but cross appellant offers no law to rebut the court's action. Cross appellant simply insists that

> litigation in this case did not begin with the filing of the adversary petition, but with the filing of the original, underlying bankruptcy petition. When the IRS violated the bankruptcy court's discharge order, and [counsel for Kolb] took actions to attempt to bring the Service in compliance, those actions were part of the underlying court proceeding.

Kolb's Appeal Brief, p. 16. The court holds that the bankruptcy court's interpretation of when the "court proceeding" began, not Kolb's, is accurate.

The issue of when attorney's fees should begin to be considered for the purpose of awarding them to a party at the government's expense was addressed by the Eleventh Circuit in *White v. U.S.*, 740 F.2d 836 (11th Cir.1984). In that case, the court dealt with an award of attorney's fees under the EAJA, not section 7430. However, nothing in the language of section 7430 to the effect that attorney's fees can be recovered for services "in connection with the court proceeding" contradicts the Eleventh Circuit's holding that "the first of any recoverable attorney's fees [are] the costs of preparing and filing the petition or complaint that commences the civil tax action." 740 F.2d at 842. Just as the *White* court explicitly refused to characterize the fees that White expended at the adversary agency adjudication level as recoverable under the EAJA, this court refuses to view the litigation expenses recoverable under section 7430 as beginning either

with the filing of the underlying bankruptcy petition or with the actions taken by Kolb's counsel to try to force the IRS to comply with the bankruptcy court's discharge order.

For the reasons stated above, the ruling of the bankruptcy court is AFFIRMED.