**Ralph A. FUENTES, Appellant,**

v.

**R. Clinton STACKHOUSE, Jr., Trustee, Appellee.**

**Civ. A. No. 2:95cv253.**

United States District Court, E.D. Virginia, Norfolk Division.

June 1, 1995.

Stephen Merrill, Norfolk, VA, for appellant.

Jerrold G. Weinberg, Weinberg & Stein, Norfolk, VA, for appellee.

*OPINION AND ORDER*

DOUMAR, District Judge.

This matter is before the Court on appellant Fuentes' appeal of the United States

Bankruptcy Court's confirmation of the Chapter 11 reorganization plan proposed by the trustee, appellee Stackhouse. Two issues have been presented on appeal: (1) Did the Bankruptcy Court err in confirming the reorganization plan; and (2) Did the Bankruptcy Court err in denying the appellant's motion to reconsider based on newly discovered evidence?

The parties have submitted briefs and the Court has reviewed the record of the Bankruptcy Court. As the Court finds that "the facts and legal arguments are adequately presented in the brief and record and the decisional process would not be significantly aided by oral argument," this matter is ripe for disposition. Fed.R.Bankr.P. 8012. For the reasons stated below, the ruling of the Bankruptcy Court is AFFIRMED.

## Factual and Procedural Background

In 1979, appellant Fuentes founded Computer Dynamics, Inc. ("CDI"), and for many years was the company's chief executive officer and sole stockholder. In 1991, however, appellant hired Robert Starer as chief executive officer, apparently to avoid debarment by the Navy related to a criminal investigation into political contributions made by appellant and other CDI employees. Following Starer's appointment, a series of events ensued involving appellant's loss of control of CDI and Starer's acquisition of a majority stake in the company, relevant here only to the extent that these events resulted in appellant bringing suit against Starer in the Circuit Court for the City of Norfolk, the rights to which were part of the bankruptcy settlement.

On November 30, 1993, appellant filed a voluntary petition under Chapter 11. Disclosure statements and reorganization plans were filed by both the appellant and the trustee/appellee in this matter, R. Clinton Stackhouse, Jr., on August 31, 1994. On November 21, 1994, United States Bankruptcy Judge Hal J. Bonney approved the Disclosure Statement filed by the appellee. On January 17 and 19, 1995, the Bankruptcy Court held hearings on approval of the reorganization plan submitted by the appellee, and on January 25, 1995, entered an order

confirming the plan. Notice of appeal of the Bankruptcy Court's order as well as a motion for reconsideration of the Bankruptcy Court's order confirming the plan based on new evidence were filed by the appellant on January 31, 1995. The Bankruptcy Court denied the motion for reconsideration in an order filed February 1, 1995.

On March 30, 1995, appellant filed his brief outlining the issues on appeal. Appellee responded on April 17, 1995, as did CDI, which filed a brief as an interested party in this matter. Appellant filed a reply brief on April 27, 1995. This matter is now ripe for consideration by the Court.

## Analysis

■ Federal Rule of Bankruptcy Procedure 8013 allows the district court to "affirm, modify or reverse" a bankruptcy court order. Findings of fact are not to be set aside unless clearly erroneous; legal questions are reviewed *de novo. In re Johnson,* 960 F.2d 396, 399 (4th Cir.1992).

### 1. Confirmation of the Appellee's Reorganization Plan

Appellant argues that the Bankruptcy Court erred in confirming the Chapter 11 plan forwarded by the appellee. Specifically, appellant contends that the reorganization plan offered by the appellee grossly undervalues his assets. Appellant further argues that the Bankruptcy Court failed to consider the existence of another party willing to pay a larger sum for his assets in making its decision.

■ Approvals of bankruptcy settlements are reviewed for abuse of discretion by the bankruptcy court. *Leverso v. South-Trust Bank of Alabama,* 18 F.3d 1527, 1531 (11th Cir.1994); *In re Albert Lamar Bond, Jr.,* 1994 WL 20107, *3, 1994 U.S. App. LEXIS 1282, *10 (4th Cir.1994) (unpublished opinion). Appellant's challenge to the approval of this reorganization plan turns on the valuation of his estate in the settlement. Valuation of property in bankruptcy proceedings is a question of fact; the determinations of the bankruptcy court as to valuation will be overturned on appeal only if clearly erro-

neous. *Estate Construction Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 219 (4th Cir.1994).

■ This Court cannot find that the determination made by the United States Bankruptcy Judge as to the value of appellant's estate was clearly erroneous.

The appellant's argument centers exclusively on the value of the CDI stock held by the estate.[1] The Court accepts the testimony of the only expert witness to appear in this matter, Leon Hodges, that CDI is essentially insolvent. The Court further accepts Hodges' testimony that the contingent tax liability associated with selling the stock held by the estate is so onerous as to make the stock virtually unmarketable. Given the uncontradicted evidence on the financial status of CDI, and more importantly, on the value of the stock which is part of the bankruptcy estate, it was not clearly erroneous for the Bankruptcy Court to accept a reorganization plan setting the value of the estate at $100,-000.00.

Appellant attempts to argue that the presence of other offers to purchase the estate evidences the gross undervaluing of the estate by the Bankruptcy Court. But this argument is refuted by appellant's inability to provide a plausible counterproposal to the appellee's plan. The only potential investor named by the appellant, Richard Ornstein of Phoenix Limited Liability Company, admitted that at the time of the confirmation hearing, he was not willing to bid even $1.00 more than the $100,000.00 offer set forth in the Trustee's Plan. It is clear that the highest value to be derived from the estate by any party was $100,000.00.

Given all of the information in the record, this Court cannot find that the valuation of the estate was clearly erroneous. Accordingly, the Court finds that the Bankruptcy Court did not abuse its discretion in confirming the reorganization plan crafted by the appellee based on the valuation of the estate.

**2. Denial of the Motion for Reconsideration**

On January 31, 1995, the appellant filed a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. On February 1, 1995, the Bankruptcy Court denied the motion for reconsideration. No appeal from that motion was filed with the Bankruptcy Court; however, appellant seeks to raise the issue in his statement of issues on appeal and supporting brief.

Rule 60(b) states in relevant part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)....

Rule 60(b) is made applicable to bankruptcy proceedings via Rule 9024 of the Federal Rules of Bankruptcy Procedure. The time for filing notice of appeal under Rule 9024 is set by Rule 8002, which states in relevant part:

A notice of appeal filed after announcement or entry of the judgment, order or decree but before disposition of [a motion under Rule 9024] is ineffective to appeal from the judgment, order, or decree, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding. Appellate review of an order disposing of [a motion under Rule 9024] requires the party, in compliance with Rule 8001, to amend a previously filed notice of appeal.[2]

---

1. The valuation of the state court lawsuits filed by the appellant and an option on the building housing CDI were also deemed at issue by the appellee. The appellant, however, has chosen not to argue the valuation of those assets, focusing solely on the value of the estate's CDI stock and the company's financial status. Accordingly, the Court accepts the uncontroverted evidence that the bankruptcy court's valuation of these two assets was proper.

2. Rule 8002 was amended in 1994 to conform to the 1993 amendment of Federal Rule of Appellate Procedure 4(a)(4). That rule, which applies to motions under Rule 60 of the Federal Rules of Civil Procedure, states:

A notice of appeal filed after announcement or entry of the judgment but before disposition of [a Rule 60 motion] is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the date of

■ Rule 8002 in effect suspends the appeal of a final judgment pending disposition of all post-judgment motions. The rule also clearly requires that if a party desires appellate review of one of the post-judgment motions rendering the appeal premature, the party must file an amended notice of appeal requesting review of that post-judgment motion. Although the party seeking appeal need not renew its notice of appeal of the original judgment after the disposition of any post-judgment motion, it must provide notice that it intends to appeal the matters addressed in the post-judgment motion itself.

Appellant argues that the Notes of the Advisory Committee to the August 1, 1994, amendments to Rule 8002 explain that amended notice of appeal is necessary only when disposition of the post-judgment motion alters the judgment being appealed. The advisory committee note first explains that filing a notice of appeal prior to the disposition of a post-judgment motion is sufficient to bring the judgment specified in the original notice of appeal before the appellate court. The note continues, "If the judgment is altered upon disposition of a postjudgment motion, however, and if a party who has previously filed a notice of appeal wishes to appeal from the disposition of the motion, the party must amend the notice to so indicate."

■ Appellant reads this passage to mean that where the disposition of the post-judgment motion does not alter the judgment, no amended notice of appeal is necessary. The plain language of Rule 8002(b), however, makes no such distinction. Instead, the rule broadly states that obtaining appellate review of any order disposing of a post-judgment motion requires that the previously filed notice of appeal be amended. The Court is bound by the plain language of the rule. Because the appellant failed to file an amended notice of appeal to include appeal of the denial of the motion for reconsideration, the Court is without jurisdiction to consider it. *See Smith v. Dairymen, Inc.*, 790 F.2d 1107, 1109 (4th Cir.1986) (explaining that appellant's failure to comply with Rule

8002 precludes district court from asserting jurisdiction).

■ Even if this Court did have jurisdiction to consider the denial of the motion for reconsideration, however, the result would be no different. This Court reviews the Bankruptcy Court's denial of the Rule 60(b) motion for abuse of discretion. *In re Burnley*, 988 F.2d 1, 3 (4th Cir.1992). Rule 60(b)(2) provides for relief from a judgment where the moving party discovers evidence which could not have been unearthed by due diligence in time to move for a new trial under Rule 59(b). To sustain a Rule 60(b)(2) motion, the Court must find that the new evidence actually existed at the time of the trial; that the appellant could not have discovered the evidence earlier by due diligence; that the appellant was diligent; and that consideration of the evidence would be likely to change the result. *In re Claxton*, 30 B.R. 199, 214 (Bankr.E.D.Va.1983).

■ The hearing in this matter was held on January 17 and 19, 1995. The evidence appellant wants to offer to the Bankruptcy Court is dated September 28 and 30, 1994. The Court has no reason to doubt that these are the actual dates of the memoranda in question, and therefore finds that the new evidence existed at the time of trial. Secondly, the appellant has strenuously argued, and the Court is willing to accept, that the appellant made every possible attempt to obtain financial information on CDI from both the appellee and from Starer, and was thwarted in his efforts. Because he arguably did not engage in full discovery despite his efforts to do so, the Court, for the purposes of this argument, will assume that appellant could not have discovered this information earlier by due diligence, and that he was diligent.

Nonetheless, appellant's motion must fail on the fourth prong of the inquiry. It is misleading to argue that the value of CDI is central to the determination of the value of the bankruptcy estate. The company itself is part of the estate only insofar as the estate holds a minority, non-voting interest in CDI

the entry of the order disposing of the last such motion outstanding. Appellate review of an order disposing of [a Rule 60 motion] requires

the party, in compliance with Appellate Rule 3(c), to amend a previously filed notice of appeal.

subject to a lien of over $160,000.00. Although the company's prosperity would certainly affect the value of the stock, the attendant tax consequences of the sale of that stock given CDI's status as a Subchapter S corporation for the purposes of federal income tax are still so severe as to make the estate's shares nearly unmarketable—a "time bomb waiting to go off in [the buyer's] tax picture," according to Hodges, the expert witness. Transcript of Proceedings, January 17, 1995, at 89. Appellant has not effectively refuted that argument.

Moreover, appellant's argument fails because the expert witness in this case assessed the value of CDI as of December 31, 1994. To do so, he would certainly have had to consider financial information available as of September 28 and 30, 1994, the class of information appellant seeks to admit. In fact, Hodges specifically indicated that he considered financial information available on CDI as of September 30, 1994. Transcript of Proceedings, January 17, 1995, at 85–86. Finally, it is important that the Court consider the documents relied on by appellant in context. These memoranda were written in an effort to obtain a capital infusion for a struggling (and borderline insolvent) corporation, and obviously present a best case scenario for CDI (with its most unprofitable operations admittedly excluded from the financial picture). The Court is also aware of the possibility of puffery on Starer's part when presenting his case to potential investors.

Although this Court shares the Bankruptcy Court's interest in finality, it would have been willing to overrule that court's denial of the motion for reconsideration if such a decision were shown to be warranted. Appellant, however, has presented no evidence that the outcome of these proceedings would have been different had he obtained this information prior to the January 17 and 19, 1995, confirmation hearings.

As previously stated, this Court lacks jurisdiction to consider appellant's appeal of the denial of the motion for reconsideration. Moreover, if it could consider the issue, the Court would find that the Bankruptcy Judge did not abuse his discretion in denying appellant's motion for reconsideration. Accordingly, the Bankruptcy Court's denial of the Motion for Reconsideration is AFFIRMED.

*Conclusion*

Because the Court finds that the Bankruptcy Court did not abuse its discretion in confirming the Chapter 11 plan forwarded by the appellee, and because the Court does not have jurisdiction to consider the Bankruptcy Court's denial of appellant's motion for reconsideration, the orders of the Bankruptcy Court are AFFIRMED.

**IT IS SO ORDERED.**