**Samuel H. RANGE and Connie C. Range, Appellants**

v.

**UNITED STATES of America, Appellee.**

No. H–00–0787.

United States District Court,
S.D. Texas,
Houston Division.

Nov. 20, 2000.

---

Samuel H. Range, Houston, TX, pro se.

Edward L. Rothberg, Weycer, Kaplan, Pulaski & Zuber, Houston, TX, for appellants.

Connie C. Range, College Grove, TN, pro se.

Joseph A. Pitzinger, III, Dept. of Justice, Tax Division, Dallas, TX, for appellee.

## ORDER

GILMORE, District Judge.

Pending before the Court is Appellants Samuel H. Range and Connie C. Range's (collectively "Ranges") appeal of three decisions of the United States Bankruptcy Court for the Southern District of Texas ("Bankruptcy Court") denying the Ranges' independent action for relief from judgment under Federal Rule of Civil Procedure 60(b), motion for fees and costs under 26 U.S.C.A. § 7430, and requests for an evidentiary hearing, Having considered the parties' submissions and the applicable law, the Court finds that the bankruptcy court's decisions should be **AFFIRMED.**

### I.

On December 28, 1992, Samuel H. Range ("Mr. Range") was granted a discharge in bankruptcy under 11 U.S.C.A. § 727. On May 11, 1995, the Internal Revenue Service ("IRS") assessed penalties against Mr. Range for fraud for the 1983–1985 tax years, and assessed penalties against his wife, Connie C. Range ("Mrs. Range"), for fraud for the 1986 tax year. Mr. Range filed an adversary proceeding in the bankruptcy court on July 11, 1995, in order to determine whether his tax liability and assessed penalties were discharged. He also requested preliminary and permanent injunctions preventing the IRS from assessing and collecting any discharged taxes, penalties, or interest. The IRS agreed to withdraw the notices of deficiency it issued on May 11, 1995 in exchange for Mrs. Range filing a petition for bankruptcy. On April 5, 1996, Mrs. Range was granted a discharge in bankruptcy. An adversary proceeding was filed on September 3, 1996, in order to determine whether her tax liability was discharged.

The Ranges' adversary proceedings were consolidated on September 16, 1996,

and the bankruptcy court held a trial on September 17–19 and September 24, 1997. In an order dated February 27, 1998, (Ranges' Designation, Instrument No. 2, Ex. 3, at 13–24), the bankruptcy court held that the Ranges' tax liabilities were enforceable debts that were not discharged in bankruptcy. In addition, the court ruled that the Ranges were not entitled to damages from the IRS for its wrongful assertion of fraud penalties for the 1983–1986 tax years in violation of an injunction under 11 U.S.C. § 524(a)(2).

The Ranges appealed the bankruptcy court's decision to this Court. While the case was pending on appeal, the Ranges allege that they requested the IRS' Inspector General's Office to conduct an investigation. (Appellants' Brief, Instrument No. 5, at 6). The Ranges contend that a special agent in the Inspector General's Office informed them that "Sam Range's tax liability for [1983–1985] had been abated, that the transcripts admitted at trial were false, and that the testimony of Mr. Green, upon which both the bankruptcy court and this Court heavily relied[,] was untrue." (*Id.*). In an Order dated March 29, 1999, this Court held that the bankruptcy court's finding that the Ranges' tax liabilities were not discharged was not clearly erroneous. With respect to the issue of damages, the Court remanded to the bankruptcy court the issue of whether the Ranges were entitled to damages under 26 U.S.C.A. § 7430. The Court could not rule on the damages issue because "[t]he bankruptcy court did not make any factual findings as to which party prevailed in the suit below." (United States' Supp. Designation, Instrument No. 3, Ex. 1, at 24).

After the remand by this Court, the Ranges filed motions for payment of costs and relief from judgment with the bankruptcy court on July 7, 1999. (Instrument No. 2, Exs. 3–4). In addition, they filed a request for an evidentiary hearing on August 27, 1999. (Instrument No. 2, Ex. 9). On November 8, 1999, a second request was filed. (Instrument No. 2, Ex. 10). On January 4, 2000, the bankruptcy court issued an order denying the Ranges' motion for fees and costs. (Instrument No. 2, Ex. 12). The court found that the Ranges were not the "prevailing party" within the definition of 26 U.S.C.A. § 7430. (*Id.* at 2). Although they prevailed with respect to the issue of whether the tax penalties were properly assessed, the court held that the most "significant issue" as defined by section 7430 was the dischargeability of tax liability. (*Id.*). Because the Ranges were not the prevailing party, the bankruptcy court declined to address the other requirements set out in section 7430 to recover fees and cost. (*Id.*).

The bankruptcy court issued another order on January 4, 2000, denying the Ranges' motion for relief from judgment. (Instrument No. 2, Ex. 13). The court construed the Ranges' motion as a Rule 60(b) independent action for relief from judgment. The bankruptcy court denied the Ranges' independent action because the issues were "open to litigation, were litigated, and plaintiffs had more than a fair opportunity to make [their] claim[s] or defense." (Instrument No. 2, Ex, 13, at 2). The bankruptcy court also denied the Ranges' first and second requests for an evidentiary hearing. (Instrument No. 2, Ex. 14).

On January 12, 2000; the Ranges filed their notice of appeal of the bankruptcy court's orders with this Court. Their brief was filed on March 22, 2000. (Ranges' Brief, Instrument No. 5). In their appeal, the Ranges contend that the bankruptcy court had an obligation to conduct an evidentiary hearing. According to the Ranges, the independent action should not have been denied because they uncovered evidence of alleged document falsification and witness perjury. (*Id.* at 8–13). They argue that the bankruptcy court erroneously ignored evidence of the fraud, and that the court's decision was not due to any fault on their part because the United States produced false documents in

discovery. (*Id.* at 17). The Ranges contend that, with the assistance of the IRS' Inspector General's Office, they uncovered several IRS documents establishing that Mr. Range does not have any tax liability for 1983–1985. (*Id.* at 10–11). They assert that the uncovered documents reveal that, in fact, Mr. Range has a credit with the IRS. (*Id.* at 10). Furthermore, they allegedly obtained "computer generated non-master file accounts" reflecting only Mrs. Range's name and social security number. (*Id.* at 12). The Ranges point out that "hand generated" versions of these documents were fraudulently introduced at trial with Mr. Range's name and social security number in order to "support [a government witness'] testimony that the taxes were not abated." (*Id.*). The Ranges maintain that the government witness deliberately committed perjury because the witness testified that Mr. Range's liability was not abated, and the witness had knowledge of the trial documents' alleged falsity. (Instrument No. 5, at 11–12). With respect to the Ranges' motion for fees and costs, they assert that they were the "prevailing party" under section 7430 because the "IRS conceded that it should not have asserted the civil fraud penalty." (*Id.* at 19). The Ranges allege that the dischargeability of taxes was not the most important issue at trial. Rather, the fraud penalty was the primary issue because "it was the only reason the adversary proceeding was filed." (*Id.* at 20). The Ranges argue that the bankruptcy court "violated this Court's order by not conducting the fact finding mission required." (*Id.*).

The United States filed its brief on April 17, 2000. (United States' Brief, Instrument No. 8). With respect to the independent action, the United States argues that the Ranges had ample opportunity at trial to impeach the witness' credibility, and that the Ranges were in possession of the allegedly falsified documents before trial in 1997. (*Id.* at 8–9). The United States contends that the Ranges are attempting to attack the judgment against them by simply presenting additional evidence. (*Id.* at 12). Similarly, with respect to the Ranges' motion for fees and costs, the United States maintains that the Ranges were not a "prevailing party." It argues that "the testimony and actions of the parties at trial reflected that the most significant issue was whether or not Mr. Range's tax liabilities were to be discharged." (*Id.* at 18). In addition, the United States alleges that, in any event, the Ranges failed to exhaust their administrative remedies, as required under section 7430. (*Id.* at 19). Finally, the United States contends that an evidentiary hearing was not required because the Ranges failed to establish a prima fade case of entitlement to relief from judgment. (*Id.* at 22–23).

In reply to the United States' brief, the Ranges argue that the alleged falsified documents and perjured testimony provided ample grounds to vacate the bankruptcy court's decision. "[T]he Ranges would have won with respect to the year (*sic*) 1983–1985 if the true and correct certificates and transcripts were admitted into evidence." (Ranges' Reply Brief, Instrument No. 9, at 3). Likewise, the Ranges contend that their access to "correct transcripts and oral testimony" was unethically and unlawfully obstructed by the IRS through its filing of a motion to quash the deposition of an IRS employee. (*Id.* at 6–8). Finally, the Ranges allege that the IRS "gross misrepresentations" are their "own desperate attempt to obtain an order affirming the bankruptcy court's decision thereby condoning [their] illegal and unethical actions in this case." (*Id.* at 9).

## II.

When reviewing a bankruptcy court's decision, the district court functions as an appellate court and applies the standard of review generally used in the federal court of appeals. *See In re Webb*, 954 F.2d 1102, 1103–04 (5th Cir.1992). Findings of fact, whether based on oral or documentary evidence, shall not be set

aside unless clearly erroneous and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses. *See id.* at 1104. The district court must ascertain whether the evidence supports the findings of the bankruptcy court and determine whether the district court is "left with the definite and firm conviction that a mistake has been committed." *Id.* Unlike findings of fact, matters of law are reviewed *de novo. See In re Coston,* 987 F.2d 1096, 1098–99 (5th Cir.1992). *De novo* review requires the district court to make a judgment independent of the bankruptcy court and without deference to that court's analysis and conclusions. *See In re England,* 141 B.R. 495, 497 (N.D.Tex.1991).

■ With respect to an award or denial of an award of attorney fees, the bankruptcy court's decision is reviewed for abuse of discretion. *See In re Chambers* [92–1 USTC ¶ 50,183], 140 B.R. 233, 240 (N.D.Ill.1992). Similarly, the Court will review the bankruptcy court's decision to deny the Ranges' independent action for relief for abuse of discretion. *See Fuentes v. Stackhouse,* 182 B.R. 438, 442 (E.D.Va. 1995). Under the abuse of discretion standard, the relevant inquiry is not how the reviewing court would have ruled if it had been considering the case in the first place. *See Chambers* [92–1 USTC ¶ 50,-183], 140 B.R. at 240. Instead, the bankruptcy court's decision must be based on an erroneous conclusion of law, or where the record contains no evidence upon which the court could have based that decision, or where the purported facts are clearly erroneous. *See id.*

### III.

#### A.

■ The Ranges contend on appeal that the bankruptcy court erroneously denied their "motion for relief" from the bankruptcy court's judgment of February 27, 1998, which was affirmed, in part, by this Court in an Order dated March 29, 1999.

(Instrument No. 5, 15–18). Under Rule 60(b) of the Federal Rules of Civil Procedure, there are two methods for obtaining relief from a final judgment. First, the aggrieved party may file a motion on the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied or otherwise vacated; or (6) any other reason justifying relief. *See* Fed.R.Civ.Proc. 60(b) (2000). Motions based on mistake, newly discovered evidence, or fraud, must be made "not more than one year after the judgment ... was entered." *Id.* Second, a party may also obtain relief under the savings clause of Rule 60(b) by seeking "an independent action to relieve [the] party from a judgment." *Id.* For this independent action, "[t]here is no time limit on when [it] may be brought." *United States v. Kellogg* [94–1 USTC ¶ 50,064], 12 F.3d 497, 503 n. 3 (5th Cir.1994).

Here, in the proceedings below, the bankruptcy court ruled that the Ranges were seeking an independent action for relief under Rule 60(b)'s savings clause. The court held that, had the Ranges filed a Rule 60(b) motion, "it would [have been] denied, among other reasons, as untimely filed." (Instrument No. 2, Ex. 13, at 1). In their brief on appeal before this Court, the Ranges characterize their motion before the bankruptcy court as simply a "motion for relief." (Instrument No. 5, at 15). However, the legal arguments in support of their "motion for relief" demonstrate that their motion is indeed an independent action for relief from judgment pursuant to the savings clause of Rule 60(b). Consequently, the Court will consider whether the bankruptcy court abused its discretion in denying the Ranges' independent action. *See Fuentes v. Stackhouse,* 182 B.R. 438, 442 (E.D.Va.1995).

■ In their independent action for relief, the Ranges must demonstrate several essential elements: (1) a judgment which ought not, in equity and good con-

science, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the Ranges from obtaining the benefit of their defense; (4) the absence of fault or negligence on the part of the Ranges; and (5) the absence of any adequate remedy at law. *See Bankers Mortgage Co. v. United States* [70–1 USTC ¶ 9246], 423 F.2d 73, 79 (5th Cir.1970).

■ The substance of the Ranges' allegations is that the United States used falsified documents at trials and that a government witness committed perjury. (Instrument No. S, at 8–15). According to the Ranges, they would have prevailed as to the issue of the dischargeability of tax liability but for the alleged falsified documents and perjurious testimony. (Instrument No. 9, at 3). On prior appeal, in an Order dated March 29, 1999, this Court affirmed the bankruptcy court's finding that the Ranges' tax liability was not abated. (Instrument No. 3, Ex. 1). In this appeal of the denial of their independent action for relief, the Ranges once again assert that their tax liability is discharged. The Ranges cannot use an independent action as a vehicle for relitigation of issues. *See Travelers Indemnity Co. v. Gore,* 761 F.2d 1549, 1552 (11th Cir.1985); *see also Bankers Mortgage* [70–1 USTC ¶ 9246], 423 F.2d at 79 (holding that "a party is precluded by *res judicata* from relitigation in the independent equitable action issues that were open to litigation in the former action where he had a fair opportunity to make his claim or defense in that action").

■ The fraud upon the Court alleged by the Ranges does not rise to the level of fraud required under Rule 60(b). "For fraud to lay a foundation for an independent action, it must be such that it was not in issue in the former action nor could it have been put in issue by the reasonable diligence of the opposing party." *Travelers Indemnity Co.,* 761 F.2d at 1552. The Ranges contend that, with the assistance of the IRS' Inspector General's Office,

they uncovered several IRS documents establishing that Mr. Range does not have any tax liability for 1983–1985. (Instrument No. 5, at 10–11). The Ranges argue that the IRS deliberately falsified official documents which the United States used at trial to show that the Ranges' tax liability was not abated. Similarly, with respect to the alleged perjury, the Ranges maintain that a government witness deliberately committed perjury because the witness testified that Mr. Range's liability was not abated, and the witness had knowledge of the trial documents' alleged falsity. (Instrument No. 5, at 11–12). According to the Ranges, the alleged falsified documents and perjury "constitute[ ] nothing less than a fraud upon the Court." (Instrument No. 5, at 17).

■ The fraud alleged by the Ranges, however, is not "such that it was not in issue in the former action." *Travelers Indemnity Co.,* 761 F.2d at 1552. Moreover, the alleged fraud "could [ ] have been put in issue by the [Ranges'] reasonable diligence." *Id.* Indeed, the bankruptcy court concluded that these issues were, in fact, previously litigated at trial. (Instrument No. 2, Ex. 13, at 2). The Ranges' concern over the genuineness of the trial documents and the veracity of the government witness' testimony were issues that should have been raised at trial. Perjury, and suspected document falsification, do not prevent an opposing party from fully presenting his case and raising these issues in the original action. *See id.* A fraud upon the Court does not exist where a judgment has simply been "obtained with the aid of a witness who, on the basis of after-discovered evidence, is believed possibly to have been guilty of perjury." *Hazel–Atlas Glass Co. v. Hartford–Empire Co.,* 322 U.S. 238, 245, 64 S.Ct. 997, 88 L.Ed. 1250 (1944). Furthermore, in an independent action, a party must establish extrinsic, as opposed to intrinsic, fraud. *See Serzysko v. Chase Manhattan Bank,* 461 F.2d 699, 702 (2d Cir.1972); *Travelers Indemnity Co.,* 761 F.2d at 1552. The majority rule is

that perjury by trial witnesses is an intrinsic fraud. *See id.* In *Addington v. Farmer's Elevator Mutual Insurance Company,* 650 F.2d 663 (5th Cir.1981), the court affirmed the district court's denial of plaintiff's assertion of an independent action for relief. The plaintiff alleged in its independent action that the defendant used perjured testimony in its case. The court held that plaintiff's perjury allegation was "an attempt to relitigate the credibility of the witnesses whose testimony was accepted (against a similar attack as now made) in the proceeding that resulted in the prior judgment." *Id.* at 668. Similarly, here, the Ranges attack the credibility of the government's witness and its case through this independent action. The claims which the Ranges attempt to re-assert were open to litigation at trial and previously considered by the bankruptcy court. Consequently, because the Court finds that the bankruptcy court did not abuse its discretion in denying the Ranges' independent action for relief from judgment, the bankruptcy court's decision is **AFFIRMED.**

### B.

 The Ranges argue that the bankruptcy court erred in denying their motion for fees and costs pursuant to 26 U.S.C.A. § 7430 (2000). Under section 7430, a party may be awarded reasonable costs and fees associated with the administrative proceedings and litigation. *See* § 7430(a)(1) and (2). In order to obtain fees and costs, the Ranges must establish that they: (1) are the "prevailing party"; (2) exhausted their administrative remedies; and (3) did not unreasonably protract the administrative or court proceedings. *See* § 7430(c)(4)(A), (b)(1), and (b)(3). The fees and costs, however, are not available if the United States establishes that its position in the proceedings was substantially justified. *See* § 7430(c)(4)(B)(i). Because the bankruptcy court held that the Ranges were not the "prevailing party," the court declined to address the remaining elements. Should the Court affirm the bankruptcy court's decision, further review

of the second or third elements will be unnecessary. However, if the Court reverses the bankruptcy court's determination, a remand to the bankruptcy court for further proceedings is required. The Court will review the bankruptcy court's denial of fees for abuse of discretion, and the supporting factual findings for clear error. *See Marre v. United States* [97–2 USTC ¶ 50,573], 117 F.3d 297, 301 (5th Cir.1997).

The Ranges first argue that they are the "prevailing party" for purposes of section 7430. In pertinent part, the Ranges are a "prevailing party" if: (a) they substantially prevailed with respect to the most significant issue or set of issues presented; and (b) they demonstrate qualification as a "party" under the terms of 28 U.S.C.A. § 2412(d)(2)(B) (2000). The bankruptcy court held that "the most significant issue involved was the dischargeability of certain taxes." (Instrument No. 5, Ex. 12, at 2). The Ranges dispute the bankruptcy court's finding by arguing that the primary issue was instead whether the United States violated the discharge injunction by assessing fraud penalties. According to the Ranges, the fraud penalties were "the only reason the adversary proceeding was filed." (Instrument No. 5, at 20). The Ranges' argument, however, belies their adversary proceeding complaint. In the complaint, the Ranges asserted several counts: (1) discharge of taxes and interest; (2) discharge of penalties; (3) injunction; and (4) damages. (Docket No. 95–4462, Instrument No. 1, at 3–8). On its face, the Ranges' complaint does not establish that the primary issue was the discharge of penalties. As the bankruptcy court explained, "[t]he dischargeability of the taxes was the primary object of the trial, the judgment by [the bankruptcy court], and the subsequent appeal to the District Court." (Instrument No. 5, Ex. 12, at 2). Indeed, this Court's Order dated March 29, 1999, was substantially devoted to reviewing the bankruptcy court's ruling that the Ranges' tax liability was not abated.

(Instrument No. 3, Ex. 1). In the Order, the Court affirmed the bankruptcy court's decision that the Ranges' tax liabilities are not discharged, (*Id.* at 4–17). The dischargeability of the tax liability is a threshold issue because it directly impacts whether the fraud penalties are consequently discharged, as well. That the Ranges contend the fraud penalties are the primary issue because "it was the only reason the adversary proceeding was filed" is, without more, insufficient.

Moreover, the Ranges' reliance on *United States v. Kolb*, 161 B.R. 30 (N.D.Ill. 1993), is misplaced. In *Kolb*, the issue that the taxpayer raised in the adversary proceeding was whether the government was "in civil contempt for willfully violating the discharge order" by off-setting the taxpayer's tax refunds with previously discharged tax liabilities. 161 B.R. 30, 33 (N.D.Ill.1993). Because the bankruptcy court correctly determined that the government had improperly attempted to collect a discharged tax liability, the district court held that the taxpayer "prevailed on this primary issue." *Id.* Unlike *Kolb*, the Ranges raised several issues in their adversary proceeding. Whereas *Kolb* was solely limited to the issue whether the government violated the discharge order by off-setting against discharged tax liability, *Id.*, the Ranges' complaint also raised the issue of whether their taxes were discharged.

Because the penalty issue was ancillary to the primary issue of whether the Ranges' tax liability was discharged, the bankruptcy court did not abuse its discretion in finding that the Ranges did not prevail with respect to the most significant issue presented. Consequently, the Court need not address whether the Ranges also qualify as a "party" within the meaning of section 7430. In addition, the Court need not consider the remaining elements: whether the Ranges exhausted their administrative remedies, whether the Ranges unreasonably protracted the proceedings, and whether the position of the United States was substantially justified. *See* § 7430(b)(1), (b)(3), and (c)(4)(B)(1). Because the bankruptcy court did not abuse its discretion in denying the Ranges' motion for fees and costs, the bankruptcy court's decision is **AFFIRMED.**

### C.

The Ranges appeal the bankruptcy court's decision not to hold an evidentiary hearing on the Ranges' independent action for relief and motion for fees and costs under section 7430. (Instrument No. 5, at 3). The decision whether to conduct an evidentiary hearing is left to the sound discretion of the lower court. *See Barrientes v. Johnson*, 221 F.3d 741, 771 (5th Cir.2000). Because the bankruptcy court did not abuse its discretion in denying the Ranges' requests for an evidentiary hearing, the Court finds that the bankruptcy court's decision is **AFFIRMED.**

### IV.

Based on the foregoing, the Court finds that the decisions of the bankruptcy court denying the Ranges' independent action for relief from judgment, motion for fees and costs under section 7430, and requests for an evidentiary hearing, are **AFFIRMED.**

The Clerk shall enter this Order and provide a copy to all parties.